A89A0500. CASTLEBERRY et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(383 SE2d 621)

CARLEY, Chief Judge.

Appellee-plaintiff insurer filed a petition seeking a declaratory judgment to the effect that it had no obligation to defend appellant-defendant Cleveland Castleberry in a suit brought against him by appellant-defendant Joseph E. Craigmiles III or to pay any portion of a judgment that might be rendered against him therein. According to appellee's petition, its automobile liability insurance policy A-677778 was in full force and effect at the time of the incident giving rise to the underlying lawsuit between appellants Castleberry and Craigmiles. A copy of that policy was attached to appellee's petition.

The named insured in the attached policy was appellant-defendant Nancy D. Spradley. The petition further alleged that the incident precipitating the underlying lawsuit was excluded from coverage under the terms of the attached policy. In their answers, appellants admitted that there was no coverage under the policy attached to appellee's petition, but they hinted at the existence of coverage under another policy that had been purchased by appellant Spradley.

The trial court granted judgment on the pleadings in favor of appellee, stating that, "in so ruling, [i]t in no way decide[d] or infer[red] what, if any, claim [appellant] Spradley may have against [appellee] or its agents other than under the policy attached to the [appellee's] complaint. . . . [T]he court expressly declare[d] that [appellee] has no obligation to defend [appellants] in *Craigmiles v. Castleberry* or to pay any portion of any judgment rendered in favor of the plaintiff in that action under the terms and provisions of the policy of insurance attached to the complaint in this action." Appellants appeal from the trial court's grant of appellee's motion for judgment on the pleadings.

"For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. [Cit.]" *Hinson v. Roberts*, 256 Ga. 396, 397 (1) (349 SE2d 454) (1986). Under appellee's petition, the relevant issue was the existence of coverage under a specific policy. In their answers, appellants admitted that the described policy excluded coverage. Accordingly, the trial court correctly granted judgment on the pleadings in favor of appellee. See generally *Nelson v. Fulton County Bank*, 147 Ga. App. 98, 99 (1) (248 SE2d 173) (1978). The existence of coverage under any other policy was irrelevant and, as worded, the trial court's declaratory judgment is strictly and expressly limited to the specific policy attached to appellee's petition. Thus, appellants can pursue any claim against appellee under any other policy, the existence of which was alluded to in the answers.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED JUNE 21, 1989.

*May & Horkan, Dwight H. May*, for appellants.
*F. Thomas Young, William A. Turner, Jr., Charles F. Johnson*, for appellee.