A90A2051. HARRIS v. WALL TIRE COMPANY.
(399 SE2d 580)

BEASLEY, Judge.

Plaintiff Harris appeals the trial court's grant of partial summary judgment in favor of defendant Wall Tire Company on Harris' claim for damages for emotional distress, stemming from an automotive mishap allegedly caused by Wall's negligence. The left front wheel of Harris' car came off as he and his family were driving on an interstate highway. Harris claimed this occurred because Wall failed to properly reattach the wheel after it had been removed in order to repair the car's front brake pads.

1. At the time of the incident, Harris sustained property damage but neither Harris nor his family sustained any physical injury. Even though Harris maintains that he suffered certain stomach problems (trouble with spicy foods) and limited sleep disturbances (for several weeks stayed awake at night worrying), the only monetary losses incurred and claimed by Harris resulted from the damage to his vehicle.

The trial court correctly applied the principles set forth in Ob-Gyn Assoc. of Albany v. Littleton, 259 Ga. 663 (386 SE2d 146) (1989) to conclude that, based on the undisputed circumstances, Harris could not recover as a matter of law on his claim for emotional distress. Appellant does not rely on the impact rule but rather on the pecuniary loss rule. The Supreme Court reiterated this rule, that "for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury may not be physical." Id. at 667. Here the pecuniary loss resulted from an "injury" to plaintiff's automobile, which sustained approximately $1,000 worth of damage. There was no injury to plaintiff's person except the emotional distress manifested by the initial fright, a sensitized stomach thereafter, temporary loss of sleep, aggravation, and necessity to devote vacation leave to attend to car repairs. Wall was entitled to the grant of partial summary judgment.

2. Appellee Wall's motion to dismiss the appeal because of un-

timely filing of appellant's brief and enumeration of errors, while well-taken, is denied.

3. Appellee's motion for sanction under Court of Appeals Rule 26 (b) for bringing a frivolous appeal is also denied.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 30, 1990.

*Chew & Lamberth, Walter S. Chew, Jr.,* for appellant.
*Chambless, Higdon & Carson, Joseph H. Chambless, Emmitte H. Griggs, Gregory J. Spicer,* for appellee.