### A93A2443, A93A2444. EVANS v. WILLIS et al.; and vice versa.
(441 SE2d 770)

BIRDSONG, Presiding Judge.

This is the second appearance of this case before the court. See

*Evans v. Willis*, 203 Ga. App. 699 (418 SE2d 73).

L. D. Willis and Marilyn Willis sued William L. Evans d/b/a Deluxe Cleaners to recover damages for the conversion of Marilyn Willis' wedding dress which was left at Deluxe Cleaners in 1964. As the Willises believed the dress was being stored at the cleaners, they did not demand possession of the dress until 1984. When L. D. Willis did so, Evans told him the dress had been given to a charitable organization. According to L. D. Willis, Evans denied any responsibility for the problem and ultimately told him to see Evans' lawyer if he was dissatisfied. Moreover, even though Evans sometime later found the dress, he did not tell the Willises that the dress was recovered. When the dress was located, a ticket was attached to the dress showing a charge of $17.50 for cleaning and a notice that the cleaners would be responsible only for 30 days. Further, although the Willises asserted that the dress was left for storage, Evans claimed that he was only to clean the dress. Evans was never paid for the storage of the dress. Since the dress was not returned to them before the wedding, the Willises had to buy another dress for their daughter's wedding, and they asserted that they suffered emotional distress because of Evans' actions and because their daughter was not married in the dress. The Willises also sought damages for intentional infliction of emotional distress, punitive damages, and litigation expenses under OCGA § 13-6-11.

Ultimately, the jury returned a verdict awarding Marilyn Willis $3,000 in actual damages for conversion of the dress, $3,250 punitive damages, $4,000 for emotional distress, and $4,888.75 for attorney fees. The jury also awarded L. D. Willis $3,000 for punitive damages, $2,000 for emotional distress, and $3,000 for attorney fees. The jury found against Evans on his counterclaim against the Willises.

At the conclusion of the Willises' case, and at the close of the evidence, Evans, in effect, moved for a directed verdict on L. D. Willis' individual claims, on the claim for punitive damages, on the claim for emotional distress, and on the claim for attorney fees, and he contends the trial court erred by denying these motions. Evans also contends the trial court erred by amending the judgment to award prejudgment interest after the notice of appeal was filed, contends the trial court erred by allowing the verdict to stand since the damages exceeded the proof, and contends the trial court erred by allowing damages under both OCGA §§ 51-12-5 and 51-12-6. Evans further contends the trial court erred by denying his motion to dismiss the complaint based upon the running of the statute of limitation. *Held*:

## Case No. A93A2443

1. Evans contends the trial court erred by denying his motion to

dismiss the Willises' claims for punitive damages, intentional infliction of emotional distress, and litigation expenses under OCGA § 13-6-11. Review of the record shows that these claims are based upon Evans' statement that the dress was given to a charitable organization and that when L. D. Willis protested, Evans told him to contact his attorney.

Although expressed as a motion to dismiss, Evans' motions were in effect motions for a directed verdict on these claims; accordingly, we must measure the trial court's decision by standards appropriate to a motion for directed verdict. "In determining whether the trial court erred by denying appellants' motion[ ] for a directed verdict . . . this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict. A directed verdict . . . is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom *demands* a certain verdict." (Citations and punctuation omitted.) *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268). Considered in this manner it is apparent that the evidence in this case was insufficient to support claims for intentional infliction of emotional distress, for punitive damages, and for expenses of litigation under OCGA § 13-6-11.

(a) Since the Willises' claim did not involve injury to the person or pecuniary loss resulting from an injury to the person, recovery would be allowed only if Evans' conduct was malicious, wilful, or wanton. *Ob-Gyn Assoc. of Albany v. Littleton*, 259 Ga. 663 (386 SE2d 146); *Westview Cemetery v. Blanchard*, 234 Ga. 540 (216 SE2d 776). Thus, to prevail on their claim for intentional infliction of emotional distress, the Willises must establish that Evans' conduct was wilful or wanton and intentionally directed to harm them, that his actions were such as would naturally humiliate, embarrass, frighten, or outrage the Willises, and the conduct caused mental suffering or wounded feelings or emotional upset or distress. *Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166 (381 SE2d 303). As the evidence shows that Evans' loss or misplacement of the dress after it had been left at his establishment for many years was not intentional and was not directed toward the Willises, the evidence fails to establish these necessary elements of the case. Moreover, Evans' conduct in this case fails to reach the level of conduct required in this state to support such a claim. See *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703 (409 SE2d 835); *Moses v. Prudential Ins. Co. &c.*, 187 Ga. App. 222 (369 SE2d 541). Further, since Marilyn Willis was not present when her husband confronted Evans about the dress, she cannot recover since his conduct was not directed toward her. *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826). Accordingly, the trial court erred by submitting the claim for emotional distress to the jury.

(b) In the same manner, Evans' conduct was insufficient to support a claim for punitive damages. Since this cause of action arose before July 1, 1987, OCGA § 51-12-5 applies. *Carter v. Myers*, 204 Ga. App. 498 (419 SE2d 747). " 'To authorize the imposition of punitive damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. The latter expression relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights.' " (Citation omitted.) *Bowen v. Waters*, 170 Ga. App. 65, 67 (316 SE2d 497). Mere negligence, even gross negligence, will not support an award of punitive damages. *Associated Health Systems v. Jones*, 185 Ga. App. 798, 802 (366 SE2d 147). Further, evidence that Evans was indifferent or unsympathetic to the Willises' loss of the dress is not sufficient to establish the malice necessary to support an award of punitive damages. *Community Fed. &c. Assn. v. Foster Developers*, 179 Ga. App. 861 (348 SE2d 326).

While the imposition of punitive damages is ordinarily a jury issue, the controlling criteria is whether there is any evidence authorizing such an award. *Petrolane Gas Svc. v. Eusery*, 193 Ga. App. 860, 862 (389 SE2d 355). Accordingly, since there is no evidence that the loss of the wedding dress was anything other than the result of Evans' negligence, the trial court erred by denying Evans' motion for a directed verdict on punitive damages.

(c) In the same manner, the Willises' claims under OCGA § 13-6-11 must also fail. Given the posture of the claims against Evans, the evidence does not support an award of attorney fees. The claim arose from the negligent loss of the dress after it had been left in his possession for many years, and there was an issue whether the dress was left for cleaning and storage or merely cleaning. Accordingly, there is no evidence of bad faith in the inception of the loss (see *Brannon Enterprises v. Deaton*, 159 Ga. App. 685 (285 SE2d 58)), and mere refusal to pay a disputed claim is not sufficient to award attorney fees on grounds of either stubborn litigiousness or causing unnecessary trouble and expense. *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 580 (373 SE2d 758).

Therefore, the trial court erred in denying Evans' motions for directed verdict for the reasons stated above.

2. Evans also asserts that the claims were barred by the statute of limitation. Review of the record shows, however, that this issue was never presented to the trial court for resolution; consequently, Evans waived this issue. *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 347 (173 SE2d 723).

3. Evans also alleges the trial court erred by adding pre-judgment interest because the filing of the notice of appeal deprived the trial

court of jurisdiction to amend the judgment. Pretermitting the merits of this assertion, in view of our disposition in Division 1, supra, the award of pre-judgment interest was not authorized since the authorized verdict did not exceed the pretrial demand. OCGA § 51-12-14 (a).

4. The trial court erred by denying his motion to dismiss L. D. Willis as a party. Because of our disposition in Division 1, supra, and the trial court's dismissal of L. D. Willis' conversion claim, this enumeration is moot.

5. Evans contends the award of $3,000 to Marilyn Willis was not authorized by the evidence. The evidence showed that this dress was unique in that it was her wedding dress and the evidence further showed that the dress cost $300 in 1964 and a replacement dress in 1984 would cost $3,000—$4,000. "On appeal, we construe all evidence most strongly in support of the verdict, for that is what we must presume the jury did; and if there is evidence to sustain the verdict, we cannot disturb it. *McLarty v. Kushner*, 173 Ga. App. 432 (326 SE2d 777)." *J. C. Penney Cas. Ins. Co. v. Woodard*, 190 Ga. App. 727, 730 (380 SE2d 282). Since the verdict was within the range of damages established by the evidence, there was no error.

### Case No. A93A2444

6. The Willises' cross-appeal contends that the trial court erred by dismissing L. D. Willis' claim for conversion of the dress. The trial court found that as L. D. Willis and Marilyn Willis were both asserting a claim based on conversion of the dress, only Marilyn Willis should be allowed to maintain the claim since she had the superior right as owner of the dress. Although L. D. Willis correctly asserts that one who has a right to possession may bring a conversion action, here the trial court did not err by dismissing his claims since his wife in this case had the superior right to claim the dress.

*Judgment affirmed in part and reversed in part in Case No. A93A2443. Judgment affirmed in Case No. A93A2444. Pope, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 8, 1994 —
RECONSIDERATION DENIED MARCH 9, 1994 —

*Edward J. Magner, Jr.*, for appellant.
*Walter C. Herin, Jr.*, for appellees.