A94A0535. R. J. TAYLOR MEMORIAL HOSPITAL, INC.
v. GILBERT.
(443 SE2d 656)

ANDREWS, Judge.

Sharon Gilbert's surgeon performed a biopsy on her left breast at R. J. Taylor Regional Hospital in which the surgeon excised a small nodule to have it microscopically examined by a pathologist for possible breast cancer. After the nodule was excised and given to hospital employees to transport to the pathologist, it was lost at the hospital. Gilbert sued the hospital for damages allegedly resulting from the negligent loss of the tissue sample from her breast. We granted the hospital's application for an interlocutory appeal from the trial court's denial of its motion for summary judgment.

After the tissue sample was lost, Gilbert's surgeon referred her to an oncologist to make further recommendations on how to proceed in the absence of a pathologist's report on the nodule. Both physicians recognized that, without a microscopic examination of the tissue sample by a pathologist to determine whether or not it was cancerous, a diagnosis of Gilbert's condition would be difficult. Nevertheless, both physicians noted that the appearance of the nodule when it was removed was strongly suggestive of cancer; that mammogram findings were also suggestive of cancer; and that Gilbert had a family history of breast cancer which substantially raised her risk of having breast cancer. Based on these findings, both physicians stated that, although they could not say with complete certainty, they could say with a reasonable degree of medical certainty that Gilbert had cancer of the left breast and needed additional treatment. On the recommendations of her physicians, Gilbert subsequently underwent a lumpectomy to remove additional tissue around the site of the biopsy, an axillary lymph node dissection to determine if the lymph node showed evidence of any spread of cancer, and follow-up radiation therapy to the affected area. None of the additional treatment revealed further evidence of cancer. The medical evidence showed that, if a pathologist's examination of the original tissue sample had been done and was negative for cancer, none of the additional treatment would have been recommended.

Gilbert's theory of recovery against the hospital proceeds as follows: (1) because the hospital negligently lost her tissue sample, no determination could be made by the pathologist as to whether or not the nodule was cancerous; (2) that without the pathologist's determination, her physicians were unable to diagnose with a reasonable de-

gree of medical certainty whether or not she had breast cancer; (3) therefore, she was forced to base her decision to undergo additional treatment on an indefinite diagnosis and has been forced to live with continuing uncertainty as to whether or not she has breast cancer; (4) that as a result of the uncertainty created by the loss of the tissue sample, the hospital is liable to her for: (a) the physical scarring and injuries she sustained as a result of the additional treatment; (b) the mental and physical pain and suffering she endured as a consequence of the additional treatment; and (c) the emotional anxiety and distress resulting from the uncertainty over whether or not she has cancer.

The hospital admitted it negligently lost the tissue sample and moved for summary judgment on the basis that its negligence was not the proximate cause of the damages claimed by Gilbert. Although the negligence of hospital employees in losing the tissue sample was not an issue involving expert medical testimony in this case, whether the hospital's negligence was the proximate cause of the damages sought by Gilbert does present a medical question controlled by expert medical testimony. See *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 204 (345 SE2d 904) (1986) (medical questions are those concerning specialized expert knowledge beyond the ken of a layman; therefore the court and jury must rely on expert medical testimony to resolve them).

In order to recover for the physical injury and pain and suffering resulting from the additional treatment for cancer she underwent after the tissue sample was lost, Gilbert would be required to show that the hospital's negligence caused her to undergo additional treatment which was unnecessary. Accordingly, her claim against the hospital for losing the tissue sample is premised on the assumption that she did not have breast cancer and, had the tissue sample not been lost, the pathologist's examination of the tissue would have confirmed she did not have breast cancer and needed no additional treatment. If Gilbert did have breast cancer, the medical evidence shows the additional treatment was necessary and she would have no claim that the hospital's negligence caused her to incur these damages. Thus, her claim must ultimately be based on expert medical testimony that she did not suffer from breast cancer. See *Eberhart v. Morris Brown College*, 181 Ga. App. 516, 518 (352 SE2d 832) (1987) (diagnosis of a disease is a medical question established by physicians as expert witnesses).

The hospital relied on the testimony of the two physicians who treated Gilbert and who both stated they could say with a reasonable degree of medical certainty that Gilbert had cancer of the left breast and needed the additional treatment. In opposition to summary judgment, Gilbert produced the affidavit of a physician who examined the

medical records and stated it was his opinion that, without a microscopic examination of the lost tissue sample, it was not possible, based on the available information, to say with a reasonable degree of medical certainty that Gilbert had cancer of the left breast.

Construing the expert medical testimony in favor of Gilbert as respondent to summary judgment, it shows that the hospital's negligence rendered it impossible for a physician to diagnose with a reasonable degree of certainty whether or not Gilbert had breast cancer. "In cases that involve issues of causation which, by the nature of the situation, can be resolved solely by expert medical evidence standing alone, the evidence must naturally be based at least on reasonable probability. It appears to be well settled that medical testimony as to the possibility of a causal relation between a given [negligent act] and the subsequent [injuries alleged to have been caused by the negligence] is not sufficient, standing alone, to establish such relation." (Citations and punctuation omitted.) *Maurer v. Chyatte*, 173 Ga. App. 343, 344-345 (326 SE2d 543) (1985). Since the expert medical testimony established only the possibility that Gilbert did not suffer from breast cancer, there was an absence of evidence in the record establishing that the hospital's negligence was the proximate cause of Gilbert's physical injuries and pain and suffering resulting from her additional treatment for cancer. The absence of proximate cause, an essential element of Gilbert's negligence claim against the hospital, entitled the hospital to summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491, 492, 495 (405 SE2d 474) (1991).

The same result must follow for Gilbert's claim that, because the hospital lost the tissue sample, she suffers from emotional anxiety and distress caused by the uncertainty over whether or not she has cancer. In order to prevail on her negligence claim for damages for emotional distress, Gilbert must show that she suffered a physical injury *as a result* of the negligence of the hospital. *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 665-668 (386 SE2d 146) (1989). Since we determined, as a matter of law, that there was an absence of evidence showing that Gilbert's injuries were the proximate result of the hospital's negligence, the hospital was also entitled to summary judgment on the claim for emotional distress.

The trial court erred in failing to grant the hospital's motion for summary judgment.

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED APRIL 13, 1994 —
RECONSIDERATION DENIED MAY 2, 1994 — 

*Jones, Cork & Miller, C. Ashley Royal, W. Kerry Howell,* for appellant.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson II, Bradley G. Pyles*, for appellee.