A94A2233. KILLEBREW v. SUN TRUST BANKS, INC.
(453 SE2d 752)

POPE, Presiding Judge.

Plaintiff, a customer of defendant bank, was shot in the course of an attempted robbery in the bank's parking lot. Plaintiff then brought this action against the bank, alleging that the bank failed to exercise ordinary care in keeping its premises and approaches safe (OCGA § 51-3-1), and further alleging that the bank's security guard negligently inflicted emotional distress upon him when the guard drew his gun and pointed it at plaintiff after the assailant shot plaintiff and escaped. The trial court granted summary judgment for defendant, and plaintiff appealed. We affirm in part and reverse in part.

Viewing the evidence in the light most favorable to plaintiff, it appears that plaintiff went to one of defendant's branches to withdraw money from an automatic teller machine ("ATM") at approximately 10:00 p.m. on a Friday. Plaintiff knew the bank had a security guard, and he saw the guard when he drove into the bank parking lot. Unbeknownst to plaintiff, however, the guard had been hired to keep non-customers from parking in the lot and did not consider protecting customers to be part of his job. Because the ATM was located in a vestibule of the main bank building, plaintiff had to park in a fairly dark area and leave his truck to reach the machine. As plaintiff returned to his vehicle, a car pulled in beside his truck and someone got out. While he was unlocking his truck, that person jumped on his shoulder. Plaintiff was able to flip the assailant over and onto the ground, but the assailant then pulled a gun. Seeing the weapon, plaintiff started running around the truck and down the sidewalk toward the back of the parking lot where the security guard was located. The

assailant shot at plaintiff several times, hitting him once.

The security guard approached plaintiff where he had fallen into the bushes, but instead of immediately helping plaintiff, he pulled his gun and pointed it at him, telling him not to move. Another person then came up, and that person gave plaintiff a tourniquet and called an ambulance.

1. Plaintiff argues that the trial court erred in granting summary judgment for defendant on plaintiff's claim that defendant negligently failed to keep its premises safe, and we agree. Among other things, plaintiff suggests defendant should have located its ATM so that a customer could use it without getting out of his vehicle, and that the parking lot should have had better lighting.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. But a landowner may be liable for damages caused by the criminal act of a third party on his property only if he has reasonable grounds for expecting that such a criminal act would be committed. *Savannah College of Art & Design v. Roe*, 261 Ga. 764 (2) (409 SE2d 848) (1991). Knowledge of an "unreasonable risk of criminal attack is a prerequisite to recovery under OCGA § 51-3-1, and may be demonstrated by evidence of the occurrence of prior substantially similar incidents. [Cit.]" Id. at 765.

Although defendant acknowledges that plaintiff was an invitee on its property, it contends it cannot be liable for the criminal attack because it did not know of any reason to expect such an attack. However, five months prior to the incident at issue here, another customer using the same ATM after hours was robbed in the same parking lot, by an assailant who threatened to hit the customer with a half-gallon bottle of vodka if he did not cooperate. Defendant asserts it was unaware of this robbery. But the knowledge giving rise to the landowner's duty may be constructive as well as actual. See *Savannah College of Art*, 261 Ga. at 766 ("the college was entitled to summary judgment because there was no evidence sufficient to create a factual issue as to whether the college *knew or should have known* [of the unreasonable risk]"). (Emphasis supplied.) In this case, a substantially similar[1] incident occurred in the exact same location five months earlier. Although the bank says it was not notified, the victim did report the incident to the police and a police report is in the rec-

---

[1] Of course, the fact that in one robbery the assailant used a large bottle and in the other the assailant used a gun does not mean the incidents are not substantially similar. See, e.g., *Matt v. Days Inns of America*, 212 Ga. App. 792 (443 SE2d 290) (1994) (cert. granted); *Grandma's Biscuits v. Baisden*, 192 Ga. App. 816 (386 SE2d 415) (1989).

ord. Moreover, there is testimony from the bank's chief of security that his department is responsible for investigating all robberies that occur on bank property. This evidence is sufficient to create a question of fact regarding whether the bank knew or should have known of the unreasonable risk.

Defendant also contends it cannot be liable because plaintiff's injuries were caused by his own negligence in resisting the robber. This contention is clearly without merit, as we cannot accept the proposition that it is unreasonable, as a matter of law, to resist an assailant.

2. The trial court properly granted summary judgment with respect to plaintiff's claim that the bank is liable for the emotional distress caused him by the security guard's allegedly negligent actions after the shooting, as there is no evidence that the guard's post-shooting conduct caused or exacerbated plaintiff's injuries. See *Ob-Gyn Assoc. v. Littleton*, 259 Ga. 663 (1 & 2) (386 SE2d 146) (1989) (no recovery for emotional distress without physical injury where defendant's conduct is negligent rather than intentional). This does not mean, however, that plaintiff cannot recover for emotional distress stemming from the robbery itself, in which he *was* physically injured:[2] "[A] person who has suffered a physical injury resulting from the negligence of another may claim damages for emotional distress in the action to recover for the injury." *Littleton*, 259 Ga. at 664.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Smith, J., concur.*

DECIDED JANUARY 12, 1995 —
RECONSIDERATION DENIED JANUARY 30, 1995 — 

*Robert C. Koski,* for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Fred M. Valz III, William G. Pike, Jr., Philip P. Taylor,* for appellee.

---

[2] Plaintiff testified that he continues to have dreams about gunshots, and that he worries and looks frequently over his shoulder.