S94G1311. GILBERT v. R. J. TAYLOR MEMORIAL HOSPITAL, INC.
(458 SE2d 341)

THOMPSON, Justice.

A diagnostic breast biopsy was performed on Sharon Gilbert at R. J. Taylor Memorial Hospital ("hospital") to determine the presence of cancer. In this procedure, a one centimeter nodule was removed from the patient's left breast. A hospital employee lost the tissue specimen while transporting it to the pathology laboratory for testing. Because no residual tumor remained for testing, loss of the specimen precluded a histological determination as to whether the nodule was malignant. In view of the lack of diagnostic information, Gilbert's physicians recommended that she undergo cancer treatment, including wider excision of the site of the biopsy (lumpectomy), lymph node dissection, and radiation therapy. These procedures were performed; no evidence of cancer was detected.

Gilbert brought a simple negligence action against the hospital under the doctrine of respondeat superior, seeking damages for her injuries and for emotional distress. The trial court denied summary judgment to the hospital. The Court of Appeals granted interlocutory review and reversed, holding that there was an absence of evidence that the hospital's negligence was the proximate cause of Gilbert's physical injuries and pain and suffering resulting from the additional treatment for cancer, and that the hospital was entitled to summary judgment as to each claim.[1]

We granted certiorari to consider whether the affidavit of Gilbert's expert created a genuine issue of fact precluding the grant of summary judgment. Because Gilbert's evidence as to causation was sufficient to establish a triable issue to survive summary judgment under *Lau's Corp. v. Haskins*,[2] we reverse.

The hospital admits that it was negligent in losing the tissue sample and thus breached a duty of care to Gilbert, but it denies liability on the basis that Gilbert failed to establish a legally attributable causal connection between its negligent act and Gilbert's injuries.[3] It satisfied its initial burden of proof as movant on summary judgment as to the element of causation by offering the affidavits of two physicians, both of whom opined that to a reasonable degree of medical certainty Mrs. Gilbert had cancer of the left breast and needed the treatment that she received.[4]

Gilbert countered with medical opinion testimony to the effect that such a determination cannot be made based on the information available to the hospital's experts. After reviewing the medical records, Gilbert's expert opined:

> [O]ther breast diseases . . . can be extremely difficult to differentiate from breast cancer without microscopic examination. Sharon Gilbert's lump was somewhat tender which is unusual for breast cancer. I do not believe that based on the information available to these physicians that it is possible to say within a reasonable degree of medical certainty that [she] had cancer of the left breast.

The hospital argues that Gilbert's claim must ultimately be based on expert medical testimony that she did not suffer from cancer and

---

[1] *R. J. Taylor Mem. Hosp. v. Gilbert*, 213 Ga. App. 104 (443 SE2d 656) (1994).

[2] 261 Ga. 491 (405 SE2d 474) (1991).

[3] See *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982) (identifying the four elements necessary to state a cause of action for negligence in Georgia).

[4] Although it is conceded that the cause of action is one for simple negligence, rather than for professional malpractice, medical questions are raised, requiring expert evidence. See *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200 (3) (345 SE2d 904) (1986).

thus did not require the procedures performed following loss of the specimen. Because her expert evidence failed to establish that conclusion to a reasonable degree of medical certainty, it submits, and the Court of Appeals agreed, that it was entitled to summary judgment. On the contrary, we hold that the proper inquiry in the posture of this case is whether the hospital's negligence caused Gilbert to undergo additional treatment which was unnecessary. Gilbert's counterevidence creates an issue of fact as to whether any doctor can state to a reasonable degree of medical certainty that she had cancer and that surgery and additional treatment were necessary.

Since the only basis for the opinions of the hospital's experts that the surgery and additional treatment were necessary had been sufficiently challenged, the evidence of record established a material issue of fact as to whether Gilbert's injuries proximately resulted from the hospital's negligence. The trial court properly denied summary judgment with respect to Gilbert's claims for physical injury and emotional distress.

*Judgment reversed. All the Justices concur, except Hunt, C. J., and Fletcher, J., who concur in the judgment only.*

DECIDED JUNE 26, 1995 —
RECONSIDERATION DENIED JULY 17, 1995.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson II, Bradley G. Pyles,* for appellant.
*Jones, Cork & Miller, W. Kerry Howell, C. Ashley Royal,* for appellee.

