A95A2074. CARROLL v. ROCK.
(469 SE2d 391)

JOHNSON, Judge.

Cynthia Rock took two cats to Dr. Roy Carroll's veterinary clinic to be neutered. Rock phoned the clinic the next day and was told that one of the cats, Tigger, escaped and had been missing for several hours. When Rock arrived at the clinic, she was told by Carroll's staff that they had been looking for and would continue to search for Tig-ger, had called animal control, and would run an ad in the paper and post notices in an effort to locate the cat. A few weeks later, when Tigger had still not been found, Rock sued Dr. Carroll d/b/a The Animal Care Clinic for conversion or breach of bailment and emo-tional distress. She also sought punitive damages and attorney fees. A jury returned a verdict awarding Rock $150 compensatory damages, $650 attorney fees, $350 reimbursement for gas spent searching for the cat and $2,000 for mental anguish, pain and suffering. The trial court entered judgment on the jury verdict. We granted Carroll's ap-plication for discretionary appeal.

1. We agree with Carroll that the trial court erred in instructing the jury on punitive and vindictive damages. "If a tort is committed through mistake, ignorance, or mere negligence, the damages are lim-ited to the actual injury received, for vindictive or punitive damages are recoverable only when a defendant acts maliciously, wilfully, or with a wanton disregard of the rights of others." (Citations and punc-tuation omitted.) *Roseberry v. Brooks*, 218 Ga. App. 202, 209-210 (4) (461 SE2d 262) (1995). Carroll's veterinary technician testified that she watched as a kennel assistant tried to remove Tigger from a cage to administer an antibiotic. The cat scratched the assistant's neck and arms and she dropped him. The technician tried to catch Tigger by throwing a towel over him, but he escaped by tearing through a piece of plastic and some wire mesh which covered a space between the wall and an air conditioning unit. The technician immediately ran outside

to catch the cat, but he jumped past her and ran away.

Any instruction on punitive damages is inconsequential because no punitive damages were awarded. However, in awarding damages for "mental anguish, pain & suffering," it appears that the jury may have awarded Rock vindictive damages. The trial court's charge included an instruction authorizing the jury to award Rock damages if the injury was to her peace, happiness or feelings. In closing argument, plaintiff's counsel asked that the jury compensate Rock for the lost cat, plus $3,000 for injury to Rock's peace, happiness and feelings or, in the alternative, for punitive damages. The "peace, happiness or feelings" language comes directly from the vindictive damages statute. See OCGA § 51-12-6; *Brunswick Gas &c. Co. v. Parrish*, 179 Ga. App. 495 (347 SE2d 240) (1986). "Mental pain and suffering" and "mental anguish" claims for injuries unaccompanied by physical injury or pecuniary loss also fall within the ambit of that statute. See *Sanders v. Brown*, 178 Ga. App. 447, 450 (1) (343 SE2d 722) (1986). Thus, while the verdict form fails to specifically label the "mental anguish, pain & suffering" award as vindictive damages, it is very possible that the award was for vindictive damages.

"The caveat is clear and it is well established that if damages for mental pain and suffering sought under OCGA § 51-12-6 are not accompanied by physical or pecuniary loss, recovery is allowed only if the conduct complained of was malicious, wilful or wanton." (Citations and punctuation omitted.) *Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79, 80-81 (1) (387 SE2d 34) (1989); see *Westview Cemetery v. Blanchard*, 234 Ga. 540, 544 (2) (B) (216 SE2d 776) (1975). Rock did not show any physical or pecuniary loss. Nor did she present any evidence that Carroll's or his employees' acts were malicious, wilful or wanton. We do not agree with her argument that Carroll's acts of waiting four hours before telling her of the loss, misrepresenting to her how the cat escaped and the efforts undertaken to find it and the nonchalant manner in which she was informed of the loss constituted a wilful disregard of her rights or extremely outrageous conduct. We have held that the wilful misconduct, malice, fraud, wantonness or oppression necessary to justify a punitive damage award is not present where a defendant injures a plaintiff and simply fails to remedy the situation to the plaintiff's satisfaction. *Moon v. Ga. Power Co.*, 127 Ga. App. 524, 527-528 (2) (194 SE2d 348) (1972). The evidence presented in this case simply does not authorize a charge on vindictive damages and the trial court erred in giving such a charge to the jury. Because the jury's award for "mental anguish, pain & suffering" was very likely a vindictive damages award, we cannot say that the charge was not prejudicial. Therefore, the judgment must be reversed. See generally *Townsend v. Moore*, 165 Ga. App. 606, 608 (2) (302 SE2d 398) (1983).

2. Carroll correctly asserts that the trial court erred in admitting testimony as to any emotional distress suffered by Rock. Recovery for negligent infliction of emotional distress is allowed only where there has been some impact on the plaintiff that results in a physical injury. *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992). It is undisputed that Rock suffered no physical injury as a result of Carroll's acts; therefore, her negligent infliction of emotional distress claim fails.

Her intentional infliction of emotional distress claim also must fail. Where intentional infliction of emotional distress is alleged, the plaintiff need not show an impact, but must show that the defendant's conduct was outrageous or egregious. See *Moses v. Prudential Ins. Co. &c.*, 187 Ga. App. 222, 224-225 (369 SE2d 541) (1988). "The tort of intentional infliction of emotional distress is recognized in this state, where the defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass, or frighten the plaintiff." (Citation and punctuation omitted.) *Gordon v. Frost*, 193 Ga. App. 517, 521 (1) (388 SE2d 362) (1989). "The law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it." (Citation, punctuation and emphasis omitted.) *Moses*, supra at 226. "There is no occasion for the law to intervene in every case where someone's feelings are hurt." (Citation and punctuation omitted.) Id. at 225. The conduct complained of in this case simply does not rise to the level of outrageousness and egregiousness required to support recovery for intentional infliction of emotional distress. See *Norfolk Southern R. Co. v. Spence*, 210 Ga. App. 284, 285-286 (435 SE2d 680) (1993). The trial court abused its discretion in allowing testimony of Rock's mental condition following Tigger's disappearance. And inasmuch as the jury returned a verdict awarding Rock damages for mental anguish, pain and suffering, the admission of the testimony cannot be regarded as harmless. Therefore, the error requires reversal and a new trial. See generally *Nalley Northside Chevrolet v. Herring*, 215 Ga. App. 185, 187 (3) (450 SE2d 452) (1994); *Thomason v. Harper*, 162 Ga. App. 441, 449 (2) (289 SE2d 773) (1982).

3. The trial court's denial of Carroll's motion for summary judgment on the issue of vindictive damages is rendered moot by our holdings in Divisions 1 and 2 and by the court's entry of judgment on the verdict. See *Dept. of Transp. v. Brown*, 218 Ga. App. 178, 179 (1) (460 SE2d 812) (1995).

4. The other enumerations raised in this appeal involve circumstances not likely to recur on retrial.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 20, 1996.

*Worthington & Flournoy, Samuel W. Worthington III, David J. Grindle*, for appellant.
*Melvin E. Cooper*, for appellee.