A96A2163. FORD et al. v. WHIPPLE.
(483 SE2d 591)

BEASLEY, Judge.

Appellants, parents of Emily Claire Ford, challenge the trial court's dismissal with prejudice of their personal injury claim brought against appellee "in their capacity as parents of" the child.

The Fords allege that on February 1, 1995, Whipple negligently drove her car at an excessive speed, through a red traffic control light, and collided with a vehicle in which Emily Ford was a passenger. Just short of three months later, the initial complaint was filed and stated, "It is not believed at this time that Emily Ford suffered any physical injury as a result of the collision. It is not believed at this time that Emily Ford suffered any psychological or emotional injuries as a result of the Defendant's wrongful conduct. However, Emily Ford, a five-year-old child, did sustain fright and apprehension following the accident as a direct and proximate result of the Defendant's wrongful conduct, for which the Plaintiffs seek nominal damages." They also sought punitive damages to deter defendant and other drivers from consciously disregarding the rights of other persons on the streets and highways. Thus the pleadings show there were no medical expenses or other pecuniary loss and that the alleged injuries themselves were non-physical and slight, even including pain and suffering, as the compensation sought is only *nominal*.

Whipple answered and, late in August, moved to dismiss for failure to state a claim upon which relief can be granted, pursuant to OCGA § 9-11-12 (b) (6), on the basis that plaintiffs failed to allege that the child suffered "any physical, psychological, or emotional injury as a result of the collision in Plaintiffs' Complaint." The Fords amended the complaint to clarify that it was not believed that the child suffered any physical injury "other than the physical shock and fright," and that it was not believed that she suffered "any psychological or emotional injuries," only "fright and apprehension" for which

they sought nominal damages.

The only enumeration of error is that the trial court erred in granting appellee's motion to dismiss for failure to state a claim. "A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. [Cit.]" (Punctuation omitted.) *Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) (1984); see also *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992); *Wehunt v. ITT Business &c. Corp.*, 183 Ga. App. 560, 561 (359 SE2d 383) (1987). All facts in the pleadings are to " 'be .construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible.' " *Bowen*, supra. " 'For the purposes of the motion[ for judgment on the pleadings], all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. (Cit.)' [Cit.]" *Castleberry v. Ga. Farm Bureau Mut. Ins. Co.*, 192 Ga. App. 58, 59 (383 SE2d 621) (1989).

Assuming arguendo that the suit is properly brought by plaintiffs, they are precluded from recovery because there is *expressly* no physical injury. *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992); see also *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 666 (2) (A) (386 SE2d 146) (1989); *Carroll v. Rock*, 220 Ga. App. 260, 262 (2) (469 SE2d 391) (1996); *Killebrew v. Sun Trust Banks*, 216 Ga. App. 159, 161 (2) (453 SE2d 752) (1995), rev'd on other grounds, 266 Ga. 109 (464 SE2d 207) (1995); *Powers v. Latimer*, 215 Ga. App. 245, 248 (4) (450 SE2d 295) (1994); *R. J. Taylor Mem. Hosp. v. Gilbert*, 213 Ga. App. 104, 105 (443 SE2d 656) (1994), rev'd on other grounds, 265 Ga. 580 (458 SE2d 341) (1995); *Harris v. Wall Tire Co.*, 197 Ga. App. 818 (1) (399 SE2d 580) (1990). If we take what the Fords say as true, there is no physical injury and there is no doubt to resolve in their favor. Inference of bruising or scratching is more than a favorable construction, it is beyond and even contrary to the· pleadings. The complaint precludes such injuries, which would have already manifested themselves. The pleadings disclose with certainty that there can be no recovery for emotional damage built upon a physical injury.

OCGA § 51-12-6, which provides the measure of damages for torts where the third element, injury, is of a certain limited type, does not rescue plaintiffs' complaint. The 1987 amendment to longstanding law did not change the language or applicability of the controlling first sentence but instead precluded punitive damages in certain such actions. In addition, the amendment struck the description of factors which the jury could consider and the portion describing when a court could disturb the verdict. Clearly, none of this affected the physical injury impact rule. That is confirmed by the Supreme

Court of Georgia's subsequent decisions in *OB-GYN Assoc. of Albany*, supra, and *Ryckeley*, supra, decided in 1989 and 1992, respectively. Neither does this damages Code section, as amended in 1987, create a new tort of negligent infliction of emotional distress. As said even before the amendment, "[t]his section does not create a cause of action . . . but prescribes the measure of recovery where such cause of action exists. [Cit.]" *Westview Cemetery v. Blanchard*, 234 Ga. 540, 544 (2) (216 SE2d 776) (1975).

Plaintiffs' alternative basis for recovery, wanton and wilful conduct directed at the plaintiffs, cannot be allowed either. "In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury. [Cit.]" *Ryckeley*, supra. The Fords contend on appeal there is an inference of such, but their pleadings show there was no physical injury from an impact. " 'Georgia follows the "impact rule" which requires that defendant's conduct must result in actual bodily contact to the plaintiff except under circumstances where the wilful act was directed against the plaintiff. . . .' [Cits.]" Id. at 829.

Even if Whipple's speeding was wanton and wilful on this thoroughfare connecting Peachtree Road with Roswell Road, the pleadings do not allege that she directed this conduct at the plaintiff's child, and without such a claim there is no reasonable construction that she did so. Her conduct cannot be seen as directed at "anyone" in her path, and no authority is cited to support this theory.

Disregard of general consequences is a part of wanton behavior, but the exception to the impact rule requires more; the wantonness must be directed to the plaintiff. *Ryckeley*, supra. See also *Evans v. Willis*, 212 Ga. App. 335, 337 (1) (a) (441 SE2d 770) (1994); *Richardson v. Hennly*, 209 Ga. App. 868, 872 (3) (434 SE2d 772) (1993), rev'd on other grounds, 264 Ga. 355 (444 SE2d 317) (1994). To say the actor's conduct is directed at anyone who is in the path ignores the additional requirement. Such an analysis would create the tort of negligent infliction of emotional distress and ignore the rule that "even malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff." *Ryckeley*, supra at 829.

The law does not accommodate complaints for all of the vicissitudes of life. Although the child's experience may not have been trivial, there is no measurable injury alleged, and thus the trial court correctly granted summary judgment. This relatively small and transitory injury cannot provide the foundation for a punitive damages award. Punishment for the conduct of the driver in speeding and running a red light are adequately dealt with by the traffic code and the criminal laws and the administrative sanctions where appropriate.

*Judgment affirmed. Andrews, C. J., Pope, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., and Eldridge, J., dissent.*

ELDRIDGE, Judge, dissenting.

In seeking to reach the issue that there can be no pain and suffering or emotional distress absent impact and physical injury as well as hold that Georgia does not recognize negligent infliction of emotional distress, the majority does violence to the liberal construction of pleadings under the Civil Practice Act and threatens a return to issue pleadings instead of notice pleadings. Had the summary adjudication come on summary judgment under OCGA § 9-11-56 instead of under OCGA § 9-11-12 (b) (6) motion to dismiss for failure to state a claim upon which relief can be granted, then the decision would be procedurally proper, because it would be based upon evidence rather than an amended complaint that a party has a final adjudication upon the merits. Then, it would be known if the minor child had or did not have some physical injury instead of strictly construing the pleadings against the party. This decision will return over and over again to haunt the bench and bar as well as this Court until overruled.

"The basic premise of the new Civil Practice Act is that it does away with 'issue pleading' and substitutes 'notice pleading.' . . . 'A petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' [Cits.]" *Byrd v. Ford Motor Co.*, 118 Ga. App. 333 (2) (163 SE2d 327) (1968); see also *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13) (1974). "The [Civil Practice Act] abolished 'issue pleading,' substituted in lieu thereof 'notice pleading,' and directs that 'all pleadings shall be so construed as to do substantial justice.' [Cits.] . . . It must be remembered that the objective of the CPA is to avoid technicalities and to require only a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in the details. [Cits.]" *Dillingham v. Doctors Clinic, P.A.*, 236 Ga. 302, 303 (223 SE2d 625) (1976); see also *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 149-150 (281 SE2d 586) (1981). "Under the Civil Practice Act when the sufficiency of a complaint is questioned, the pleadings must be construed in the light most favorable to the plaintiff. Instead of being construed as formerly, . . . all doubts must be construed in favor of the complaint, even where unfavorable constructions might also arise therefrom. [Cits.] But even under the present law as to construction of complaints most favorably toward the pleader, a complaint will be dismissed where no claim is stated,

or where the facts alleged show that plaintiff cannot recover. [Cits.]" *Massey v. Perkerson*, 129 Ga. App. 895, 896 (1), (2) (201 SE2d 830) (1973); see also *Rossville Fed. &c. Assn. v. Ins. Co. of North America*, 121 Ga. App. 435 (174 SE2d 204) (1970); *Poole v. City of Atlanta*, 117 Ga. App. 432 (160 SE2d 874) (1968). "[A] complaint is not required to set forth a cause of action, but need only set forth a claim for relief, and that a complaint is no longer to be construed most strongly against the pleader. [Cits.]" *Mitchell v. Dickey*, 226 Ga. 218, 220 (1) (173 SE2d 695) (1970). "The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. [Cits.]" *Harper v. DeFreitas*, 117 Ga. App. 236, 238 (160 SE2d 260) (1968); see also *Seaboard Coast Line R. Co. v. Dockery*, 135 Ga. App. 540, 543 (218 SE2d 263) (1975). " ' "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." [Cit.]' " *Peacock Constr. Co. v. Erickson's, Inc.*, 121 Ga. App. 544, 545 (2) (174 SE2d 276) (1970).

Appellants allege that they are entitled to recover damages because their daughter experienced physical shock, fright, and apprehension as a result of appellee's conduct, which they claim was negligent, in "conscious disregard of the traffic laws and the rights of other persons unlawfully [sic] using the public streets," and which demonstrated a "willful [sic], wanton, and conscious disregard for the rights and safety of others."

However, such physical injury resulting from an actual impact may be de minimis, such as bruising, contusions, scratches, reddening of skin, or pain from strained muscles. The facts as presented by appellants in their pleadings, which describe a speeding car and a resultant collision, support the reasonable and favorable inference that appellants' minor child may have experienced some physical injury that may be proven at trial; any evidence that physical contact produced as a proximate cause any degree of physical injury is sufficient to recover under Georgia's impact rule, even if of a de minimis nature as an actual physical injury. The existence, nature, and degree of injury is a matter for the jury and cannot be decided by a trial or appellate court as a matter of law on motion to dismiss for failure to state a claim upon which relief can be granted. While the allegations as to the nature and extent of injury are ambiguous, we must construe the complaint in favor of the appellants as setting forth a physical injury from the impact because the complaint does not have to plead the elements of an action; when the amended complaint alleges that the minor child suffered *"physical shock,"* in making inferences favorable to the plaintiff, courts must treat this allegation, although ambiguously worded, as stating a physical injury,

because implicit in the term *"physical shock"* is a *physical* reaction to the appellee's physical impact involving significant transference of force within Newtonian physics and which acts perforce include strained muscles and associated reactive injurious physical manifestations to the neurological system, the musculoskeletal system, and other soft tissues of the subject of such mechanical force transference. This is a matter of issue pleading and not pleading facts or elements of a cause of action. *Mitchell v. Dickey*, supra at 220; *Dillingham v. Doctors Clinic, P.A.*, supra at 303; *Sheppard v. Yara Engineering Corp.*, supra at 149-150; *Harper v. DeFreitas*, supra. Accordingly, appellants' allegations of "physical shock" are sufficient pleadings to withstand a motion to dismiss.

Further, Ga. L. 1987, p. 915, § 6, codified as OCGA § 51-12-6, repealed in its entirety the former Code section giving vindictive damages and created a new form of general damage. The descriptive content of Ga. L. 1987, pp. 915, 916 reads in part: "to provide for injuries to peace, happiness, or feelings." OCGA § 51-12-6 reads: "In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded." The General Assembly obviously had some legislative intent when it replaced the former Code section, which had been a codification of the common law. See Orig. Code 1863, § 2999; Code 1868, § 3012; Code 1873, § 3067; Code 1882, § 3067; Civil Code 1895, § 3907; Civil Code 1910, § 4504; Code 1933, § 105-2003. Whatever that legislative intent was, the new OCGA § 51-12-6 legislatively repealed the holding in *Westview Cemetery v. Blanchard*, 234 Ga. 540 (216 SE2d 776) (1975) insofar as it deals with damage exclusively to the peace and happiness of the plaintiff, because in such decision the Supreme Court held that if there were any recovery of general, nominal, special, or punitive damages, then there could be no recovery for vindictive damages where the injury is exclusively to the peace and happiness of the plaintiff; therefore, such damages could be recovered only in the absence of all other damages; the discussion of the impact rule and physical injury was dicta. Furthermore, the application of former OCGA § 51-12-6 was to the wrongful disinterment of a body, which was an intentional tortious act not specifically directed at the plaintiff but which directly affected the plaintiff as the widow; the "malicious, wilful, or wanton" under that holding did not have to be specifically directed at the plaintiff. Thus, where there was either an intentional tort directed at the plaintiff or where there was a physical impact with injury giving rise to pain and suffering, including mental distress, damages to the "peace and happiness" could not be recovered. Ga. L. 1987, p. 915, § 6

must have some purpose separate from mental pain and suffering; otherwise the act would have been repealed in its entirety; otherwise mental pain and suffering would have encompassed such damages. *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663 (386 SE2d 146) (1989), is based upon decisions prior to Ga. L. 1987, p. 915, § 6, and does not even discuss the effect of the new OCGA § 51-12-6 in its discussion of mental pain and suffering under general damages requiring impact or an intentional tort directed at the plaintiff. Likewise, in *Ryckeley v. Callaway*, 261 Ga. 828, 829 (412 SE2d 826) (1992), in deciding the case based upon *Sanders v. Brown*, 178 Ga. App. 447 (1) (343 SE2d 722) (1986), the Supreme Court cited the holding based upon former OCGA § 51-12-6 but made no distinction regarding Ga. L. 1987, p. 915, § 6. In fact almost all of the cases cited by the majority follow *OB-GYN Assoc. of Albany v. Littleton*, supra, and do not arise under OCGA § 51-12-6 where the exclusive damage is to the peace and happiness of the plaintiff. See *Killebrew v. Sun Trust Banks*, 216 Ga. App. 159, 161 (2) (453 SE2d 752) (1995); *Powers v. Latimer*, 215 Ga. App. 245, 248 (4) (450 SE2d 295) (1994); *R. J. Taylor Mem. Hosp. v. Gilbert*, 213 Ga. App. 104, 105 (443 SE2d 656) (1994); *Harris v. Wall Tire Co.*, 197 Ga. App. 818 (1) (399 SE2d 580) (1990). Only in *Carroll v. Rock*, 220 Ga. App. 260, 262 (2) (469 SE2d 391) (1996), is OCGA § 51-12-6 mentioned at all; *Carroll v. Rock*, supra at 260-261, relied upon *Roseberry v. Brooks*, 218 Ga. App. 202, 210 (4) (461 SE2d 262) (1995) and *Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79, 80-81 (1) (387 SE2d 34) (1989) which both relied upon pre-1987 cases as well as *Westview Cemetery v. Blanchard*, supra, for the present meaning of OCGA § 51-12-6, requiring physical injury or pecuniary loss or "maliciously, wilfully, or with a wanton disregard of the rights of others." In all of the foregoing cases either general damages for pain and suffering, special damages, nominal damages, or punitive damages were alleged, which within *Westview Cemetery v. Blanchard*, supra at 544-545, would bar recovery under OCGA § 51-12-6 because there were other damages sought. The plain language of the new post-1987 OCGA § 51-12-6 does not say that the tort must be intentional or that there must be pecuniary loss or physical impact with injury; the statute does say that damages to the peace and happiness are recoverable when it is the exclusive damage recoverable. Therefore, negligent infliction of emotional distress could under certain factual circumstances give rise to damages under OCGA § 51-12-6 and should not be dismissed under OCGA § 9-11-12 (b) (6).

Further, recovery for "mental distress" as general damages for mental pain and suffering is allowed if the conduct at issue was "malicious, wilful, or wanton," which did not require the plaintiff to be the intended subject of the intentional tort, but only required that

the plaintiff be a foreseeable subject of the intentional tort. *Westview Cemetery v. Blanchard*, supra at 544; see also *Hamilton v. Powell, Goldstein &c.*, 252 Ga. 149, 150 (311 SE2d 818) (1984); *Tuggle v. Wilson*, 248 Ga. 335, 337 (2) (282 SE2d 110) (1981). Such malicious, wilful or wanton conduct requires a greater level of culpability than mere negligence or even gross negligence; the terms are not synonymous. *Southern R. Co. v. Kelley*, 52 Ga. App. 137, 139 (182 SE 631) (1935).

Stated another way, " ' "[t]o recover damages on account of physical injuries resulting from fright, where there is no actual immediate personal injury, it must appear that the injuries were the natural and proximate result of the fright or shock, and that the defendant could or should have known that the act producing the injuries would with reasonable certainty cause such a result; and it must appear that the injuries resulted from such gross carelessness, coupled with a knowledge of the probable physical results, as amounted to wilful and reckless disregard of consequences. . . ." ' [Cits.]" *McCoy v. Ga. Baptist Hosp.*, 167 Ga. App. 495, 499 (306 SE2d 746) (1983), quoting *Delta Finance Co. v. Ganakas*, 93 Ga. App. 297 (1) (91 SE2d 383) (1956). Such "reckless and wanton disregard of consequences may evince an intention to inflict injury," and may be equivalent to an intentional tort, so that an " 'injured party may recover for the mental pain and anguish suffered therefrom.' [Cits.]" *Hamilton v. Powell, Goldstein &c.*, supra at 150.

In the case sub judice, appellants allege that appellee exceeded the speed limit and ran a red traffic control signal. These facts, " 'construed in the light most favorable to the plaintiff with all doubts resolved in his favor,' " *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992), could support a finding that appellee's conduct was wilful and wanton, or in conscious disregard of the consequences.

However, even if the appellee's conduct is determined to be malicious, wilful, wanton, or reckless, such conduct will still not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff where general damages for mental distress as part of pain and suffering are sought, instead of under OCGA § 51-12-6 as amended. *Ryckeley v. Callaway*, supra at 829; *OB-GYN Assoc. of Albany v. Littleton*, supra. Even when general damages for "mental distress" or "mental pain and suffering" without impact are sought based upon "wilful" or "reckless and wanton" conduct, the conduct must be directed at the specific plaintiff to come within the exception to the impact rule. Id. at 666; *Hamilton v. Powell, Goldstein &c.*, supra at 150; *Tuggle v. Wilson*, supra at 337; *Chapman v. Western Union Tel. Co.*, 88 Ga. 763 (15 SE 901) (1892). Under the foregoing cases, the wilful and wanton conduct must be specifically directed at the plaintiff to allow a recovery under any theory of

damages.

Appellants assert that reckless driving is "directed at anyone who the driver may forseeably [sic] injure." The issue of whether appellee's conduct was directed against the minor child is a factual question that can be determined only on the evidence in the case and may be a proper basis for a motion for summary judgment; however, whether or not the "wilful and wanton" misconduct was in fact directed at appellants' child so as to permit an exception to the impact rule cannot be determined on a motion to dismiss. To require that the complaint allege that appellee specifically directed her wilful, wanton, or reckless conduct at the minor child, rather than what could be shown by evidence at trial, would be a return to the repealed procedure of "issue pleading." See *Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) (1984); *Bowen v. Adams*, supra at 123; *Wehunt v. ITT Business &c. Corp.*, 183 Ga. App. 560, 561 (359 SE2d 383) (1987).

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED FEBRUARY 13, 1997 —
RECONSIDERATION DENIED MARCH 7, 1997 — ▪▪▪▪▪▪

*Christopher G. Moorman*, for appellants.
*James L. Ford, Sr.*, pro se.
*Sullivan, Hall, Booth & Smith, Brynda S. Rodriguez, Lyndy C. Stewart*, for appellee.

