BETHEL, Judge,
concurring fully and specially.
I join fully in Judge Branch’s opinion and write specially to emphasize an additional point supporting the reversal of the trial court’s order.
The dissent, the trial court, and King urge the proposition that “the full amount of damages allowed by law” is the legal and linguistic equivalent of saying “the maximum allowed by a statutory cap on damages” (which in this instance is $1 million). Respectfully, this is not precisely the case.
It is clear that “[i]f a tort is committed through mistake, ignorance, or mere negligence, the damages are limited to the actual injury receive d[.]” S ee Mabelton Parkway CVS v. Salter, 273 Ga.App. 477, 482 (2) (b) (615 SE2d 558) (2005) (citation and punctuation omitted); see also Carroll v. Rock, 220 Ga.App. 260, 260 (1) (469 SE2d 391) (1996). It follows then that “the full amount of damages allowed by law” means the amount of damages incurred and proven, not to exceed the statutory cap.[2] Stated differently, the cited statutory cap is not the only “cap.” Actual damages are always a “cap” on recovery in this class of cases. Mabelton Parkway CVS, 273 Ga. App. at 482 (2) (b). This reality undermines King’s argument and highlights the value of this provision of the ante litem notice requirement.
Consider a plaintiff who incurs a $50,000 loss under the circumstances alleged in King’s complaint. The “full amount of damages allowed by law” to this hypothetical plaintiff is $50,000. Thus, a purported ante litem notice that merely seeks “the full amount of damages allowed by law” does not sufficiently inform the governmental entity of the magnitude of the claim — even if the entity is aware of a cap — because the “full amount” might be any amount between $1 and the applicable cap. In other words, such a notice provides no information about the claimed damages that the governmental entity did not already know.

 Of course, punitive damages, treble damages and the like are provided for by law as exceptions to this rule. None of these exceptions is implicated by this case.