A92A0557. BOWERS et al. v. ESTEP et al.
(420 SE2d 336)

SOGNIER, Chief Judge.

Richard Bowers and Linda Bowers brought suit against Southern Railway Company, Mr. Bowers' employer, and his supervisors David Estep and Donald Adams, seeking to recover compensatory and punitive damages for intentional infliction of emotional distress, violation of provisions of the Georgia Equal Employment for the Handicapped Code, OCGA § 34-6A-1 et seq. ("GEEHC"), and loss of consortium. The trial court granted the defendants' motion for summary judg-

ment, and the plaintiffs appeal.

Appellant Richard Bowers has been employed by appellee Southern Railway for approximately 30 years, most recently as the assistant manager of service control in Atlanta under the supervision of appellees Estep and Adams. In 1990 Bowers began experiencing severe claustrophobia and depression, which he contends constitutes a "handicap" under the GEEHC. Bowers alleged in the complaint that Estep and Adams knew of his condition and intentionally harassed, threatened, intimidated, and belittled him and maliciously changed conditions of his job, causing him to take a leave of absence (with full pay and benefits) and be admitted to a psychiatric clinic. Bowers also alleged that this conduct constituted a violation of the GEEHC, OCGA § 34-6A-4 (a). Bowers further contended in an amendment to the complaint that appellee railroad's denial of his bonus in late 1990 after he filed this handicap discrimination claim was a retaliatory act prohibited by OCGA § 34-6A-5. Both appellants also alleged a claim for loss of consortium as a consequence of these acts of appellees.

1. We address initially appellees' contention below and in this court that the Federal Employers' Liability Act, 45 USC §§ 51-60 ("FELA"), provides the exclusive remedy for appellants' claims. Although the trial court discussed the applicability of FELA in general terms, the court effectively pretermitted the exclusivity issue, basing the summary judgment ruling on the merits of the claims as asserted under Georgia law. While this approach was not raised by appellants in their enumerations of error or challenged by appellees by way of cross appeal, the exclusivity issue is a question of the subject matter jurisdiction of the court under FELA. *Lewy v. Southern Pacific Transp. Co.*, 799 F2d 1281, 1286 (9th Cir. 1986). Since a judgment on a matter not within the court's jurisdiction is void at all times and may not be waived, *Champion v. Rakes*, 155 Ga. App. 134, 135 (270 SE2d 272) (1980), we must resolve the issue of subject matter jurisdiction.

It is well established that in enacting FELA, Congress superseded state law remedies in the subject area covered by FELA and provided the exclusive remedy for employees of common carriers injured by the negligence of their employers. E.g., *South Buffalo R. Co. v. Ahern*, 344 U. S. 367, 371 (73 SC 340, 97 LE 395) (1953); *New York Central R. Co. v. Winfield*, 244 U. S. 147 (37 SC 546, 61 LE 1045) (1917). Appellants having alleged appellees are liable for acts of appellee railroad's agents occurring in the course of appellant Richard Bowers' employment with the railroad, a common carrier engaged in interstate commerce, FELA provides the exclusive remedy for appellants' claims that fall within the terms of the Act. *Erie R. Co. v. Winfield*, 244 U. S. 170, 172 (37 SC 556, 61 LE 1057) (1917); *Louisville & Nashville R. Co. v. Lunsford*, 216 Ga. 289 (116 SE2d 232) (1960); see 45 USC §

51. Since a summary judgment rendered by a trial court will be affirmed by this court if right for any reason, we will consider whether the grant of summary judgment to appellees was correct in the context of FELA's applicability to appellants' claims.

2. In *Atchinson &c. R. Co. v. Buell*, 480 U. S. 557, 567-571 (107 SC 1410, 94 LE2d 563) (1987), the Supreme Court expressly declined to decide whether emotional injury is cognizable under FELA. Acknowledging the divergent views among the various states in the areas of negligent and intentional infliction of emotional distress, id. at 568-570, the court did state that "the question whether one can recover for emotional injury may not be susceptible to an all-inclusive 'yes' or 'no' answer. As in other areas of law, broad pronouncements in this area may have to bow to the precise application of developing legal principles to the particular facts at hand." Id. at 570. Absent a definitive ruling from the Supreme Court, circuit courts addressing the issue subsequent to *Buell* have concluded that cases seeking recovery for emotional distress must be analyzed on an ad hoc basis by gauging the development of the common law as reflected in the law of the forum state and elsewhere. *Outten v. National R. Passenger Corp.*, 928 F2d 74 (3rd Cir. 1991); *Elliott v. Norfolk & Western R. Co.*, 910 F2d 1224 (4th Cir. 1990). Circuit courts addressing the viability of an emotional distress claim since *Buell* either have ruled that such a claim is not actionable under FELA as a matter of law or have declined to decide the broad issues but have rejected the specific claim presented on the basis that the particular acts alleged did not set forth a claim for emotional distress. See *Outten*, supra at 77-79 (facts of case did not authorize recovery for negligent infliction of emotional distress); *Elliot*, supra at 1229-1230 (no claim for negligent infliction of emotional distress where plaintiff could not show unconscionable abuse or outrageous conduct); *Netto v. Amtrak*, 863 F2d 1210, 1215 (5th Cir. 1989) (declined to decide whether emotional distress claim was cognizable under FELA because plaintiff failed to show unconscionable or outrageous conduct); *Moody v. Maine Central R. Co.*, 823 F2d 693 (1st Cir. 1987) (declined to determine scope of recovery for emotional distress because plaintiff had not shown causal connection); *Adkins v. Seaboard System R. Co.*, 821 F2d 340 (6th Cir. 1987) (claim for intentional infliction of emotional distress with no physical injury is not cognizable under FELA).

Given the holding in *Buell* and the lack of a definitive ruling from the United States Supreme Court or the Eleventh Circuit, we elect to follow the ad hoc approach employed by the Fifth Circuit in *Netto* and the First Circuit in *Moody*: we do not decide whether a plaintiff may assert a claim under FELA for intentional infliction of emotional distress because even if we allowed such a claim appellant Richard Bowers has failed to assert a claim that would entitle him to

relief.

Looking to common law developments for guidance, *Urie v. Thompson*, 337 U. S. 163, 174 (69 SC 1018, 93 LE 1282) (1949), we recognize that, as the Court noted in *Buell*, supra at 568-569, most states recognize the tort of intentional infliction of emotional distress, but "they vary in the degree of intent required to establish liability, and the level of physical manifestation of the emotional injury required to support recovery. Moreover, some States consider the context and the relationship between the parties significant, placing special emphasis on the workplace." (Footnotes omitted.) Id. The description of the tort given in the Restatement (Second) of Torts § 46 has been adopted by many jurisdictions and has been characterized as the general rule prevailing in the United States. *Buell*, supra at 568 n. 16. The Restatement, supra, provides that "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress," id. at 71, and notes that "[t]he cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 72-73 (comment d). See *Netto*, supra at 1214-1215.

Richard Bowers alleged that appellees Adams and Estep threatened, humiliated, and intimidated him in the course of their inquiries concerning his emotional condition and that they maliciously transferred him to another position. We agree with the trial court that these allegations do not set forth a claim for intentional infliction of emotional distress as a matter of law. Adams and Estep were authorized as appellant's supervisors to inquire into his condition and to make any necessary adjustments in his work schedule or environment to accommodate his condition. Such actions, even if done in a manner that embarrassed or humiliated appellant, cannot be characterized as the type of shocking and outrageous behavior necessary for a recovery of damages. See *Netto*, supra at 1214-1215; see also *Kornegay v. Mundy*, 190 Ga. App. 433-435 (1) (379 SE2d 14) (1989).

We do agree with appellants, however, that because appellees failed to file any depositions, affidavits, or other testimony in support of their motion for summary judgment on this count, the proper rul-

ing would be to enter judgment on the pleadings. Compare OCGA § 9-11-12 (c) with OCGA § 9-11-56 (c); see generally *Bergen v. Martindale-Hubbell, Inc.*, 176 Ga. App. 745, 746 (1, 2) (337 SE2d 770) (1985). Accordingly, we vacate the summary judgment ruling on this count of appellants' complaint and remand with direction that the trial court enter judgment on the pleadings for appellees on the claim for intentional infliction of emotional distress.

3. We next consider the viability of appellant Richard Bowers' claims asserted under the GEEHC. Unlike his claim for intentional infliction of emotional distress, his discrimination allegations are based not upon a common law tort but upon violation of a state statute. FELA was enacted not to create new substantive torts, but to protect railway workers from common law torts. *Griggs v. Nat. R. Passenger Corp.*, 900 F2d 74, 75 (6th Cir. 1990). Although the complaint includes the necessary elements of a FELA claim in that it alleges injury by the employer in the scope of employment, the *type* of injury Richard Bowers asserts—discrimination on the basis of an alleged handicap—is not the type of injury FELA was designed to address. See *Smolsky v. Consolidated Rail Corp.*, 780 FSupp. 283, 286-288 (E.D. Pa. 1991); *Pakledinaz v. Consolidated Rail Corp.*, 737 FSupp. 47, 48 (E.D. Mich. 1990). Accordingly, FELA does not provide the exclusive remedy, and he may pursue his state handicap discrimination action along with a FELA claim. See *Phillips v. Smalley Maintenance Svcs.*, 711 F2d 1524, 1531 (11th Cir. 1983) (held, trial court properly exercised pendent jurisdiction over state law claims asserted in FELA action).

Appellant contends the trial court erred by granting summary judgment to appellees on the handicap discrimination claims on the basis that the handicap he alleged was not included within the statutory definition of handicap. The GEEHC defines "handicap" as "any condition or characteristic that renders a person a handicapped individual [other than addiction to alcohol or a controlled substance]," OCGA § 34-6A-2 (2), and a "handicapped individual" is one "who has a physical or mental impairment which substantially limits one or more of such person's major life activities, and who has a record of such impairment." Id. at (3). "Physical or mental impairment" is further defined as "(A) [a]ny physiological disorder or condition or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, or endocrine; or (B) [m]ental retardation and specific learning disabilities." Id. at (7).

Appellant maintains this definition of mental impairment is open-ended and ambiguous so as to require the court's construction, and that when the rules of construction are applied and expert testi-

mony is adduced the definition can be read to include claustrophobia and depression as mental impairments. We disagree, as we find the statute clearly and unambiguously manifests the General Assembly's intent to exclude emotional and mental disorders of the type experienced by Richard Bowers from the coverage of the GEEHC. Contrary to his argument, OCGA § 34-6A-2 (7) clearly limits the definition of "mental impairment" to any "physiological disorder or condition or anatomical loss affecting" certain body systems or "[m]ental retardation and specific learning disabilities."[1]

The American Psychiatric Association characterizes claustrophobia as a simple phobia, which is a form of anxiety disorder, not a physiological disorder or condition. Diagnostic and Statistical Manual of Mental Disorders, § 300.29, pp. 243-245 (3d ed. rev. 1987). Depression is defined as a mood disorder that is not due to any other physical or mental disorder. Id. at 213. Neither disorder can be identified as either mental retardation or a learning disability. See id. at 27-49. Accordingly, we hold that the trial court correctly concluded that appellant Richard Bowers' condition did not constitute a "handicap" within the meaning of the GEEHC, and thus appellees were entitled to summary judgment on his discrimination and retaliation claims as a matter of law.

4. The trial court did not err by granting summary judgment to appellees on the loss of consortium claim. Such a claim cannot be asserted under FELA, *Lunsford*, supra, and to the extent the claim is based on the state law claims it is derivative and must fail because of our rulings that appellees are entitled to summary judgment on Richard Bowers' discrimination claims. See *Armstrong Furniture Co. v. Nickle*, 110 Ga. App. 686, 688-689 (4) (140 SE2d 72) (1964).

*Judgment affirmed in part and vacated and remanded with direction in part. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 9, 1992 —
RECONSIDERATION DENIED JUNE 23, 1992 — 

*Richard R. Thomas, for appellants.*
*Sutherland, Asbill & Brennan, Carey P. Dedeyn, Hall, Bloch,*

---

[1] Compare 29 CFR § 1613.702 (b) (1978), which defines "physical or mental impairment" as "(1) any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting [the same body systems listed in OCGA § 34-6A-2 (7) (A)]; or (2) any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities."

*Garland & Meyer, F. Kennedy Hall, J. Steven Stewart,* for appellees.