A93A1715. NORFOLK SOUTHERN RAILWAY COMPANY et al.
v. SPENCE.
(435 SE2d 680)

McMURRAY, Presiding Judge.
Plaintiff Spence's amended complaint states claims under the Federal Employers' Liability Act, 45 USC §§ 51-60 ("FELA"), for negligent infliction of emotional distress and for intentional infliction of emotional distress, and under the Hours of Service Act, 45 USCA § 61 et seq., for requiring plaintiff to work two jobs for periods of time in excess of the maximum hours permitted. Defendants Norfolk Southern Corporation, Norfolk Southern Railway Company and Central of Georgia Railway Company moved for summary judgment. A summary judgment was granted to defendant Central of Georgia Railway Company which had contended that plaintiff was not its employee while the motion for summary judgment of the remaining two defendants was denied. This appeal from the denial of their motion for summary judgment by defendants Norfolk Southern Corporation and Norfolk Southern Railway Company follows the grant of their application for interlocutory appeal. *Held:*

We granted the application for interlocutory appeal in order to address contentions that the infliction of emotional distress claims are not viable FELA claims and that, if they are, plaintiff has failed to begin his action within the statute of limitation. However, under guidance from our recent decision in *Bowers v. Estep*, 204 Ga. App. 615, 617 (2) (420 SE2d 336), we find that we need not reach these

issues as this appeal may properly be decided upon the same basis as our earlier decision, that is, without deciding whether a plaintiff may assert a claim under FELA for negligent or intentional infliction of emotional distress, we hold that even if we allowed such a claim plaintiff Spence has failed to assert a claim that would entitle him to relief.

"Looking to common law developments for guidance, *Urie v. Thompson*, 337 U. S. 163, 174 (69 SC 1018, 93 LE 1282) (1949), we recognize that, as the Court noted in [*Atchison &c. R. Co. v. Buell*, 480 U. S. 557, 568-569 (107 SC 1410, 94 LE2d 563)], most states recognize the tort of intentional infliction of emotional distress, but 'they vary in the degree of intent required to establish liability, and the level of physical manifestation of the emotional injury required to support recovery. Moreover, some States consider the context and the relationship between the parties significant, placing special emphasis on the workplace.' (Footnotes omitted.) Id. The description of the tort given in the Restatement (Second) of Torts § 46 has been adopted by many jurisdictions and has been characterized as the general rule prevailing in the United States. *Buell*, supra at 568 n. 16. The Restatement, supra, provides that 'one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress,' id. at 71, and notes that 'the cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' Id. at 72-73 (comment d). See [*Netto v. Amtrak*, 863 F2d 1210, 1214-1215]." *Bowers v. Estep*, 204 Ga. App. 615, 618 (2), supra.

The substance of plaintiff Spence's allegations complain of the amount of work he was required to perform. These allegations are supported by evidence as to both the number and stressful nature of the tasks he was assigned, and as to his work schedule which included lengthy periods with no days off and workdays of 12 hours or longer without adequate breaks for meals and other personal needs. However oppressive this regimen may have been to plaintiff Spence, this was not that level of egregious or outrageous behavior which "justifiably results in that severe fright, humiliation, embarrassment, or outrage which no reasonable person is expected to endure. [Cits.]" *Kornegay*

*v. Mundy*, 190 Ga. App. 433, 434 (379 SE2d 14). As a matter of law, the conduct at issue in the case sub judice does not support liability for negligent or intentional infliction of emotional distress. *Bowers v. Estep*, 204 Ga. App. 615, 617 (2), 618, supra. See also *Visconti v. Consolidated Rail Corp.*, 801 FSupp. 1200, 1207 (2) (S.D.N.Y. 1992).

Furthermore, insofar as plaintiff's claim is predicated on 45 USCA § 61 et seq., it is not well founded. No private cause of action arises from violation of these statutory provisions. 45 USCA § 61 et seq.; *United Transp. Union v. Lewis*, 699 F2d 1109, 1113 (II) (11th Cir. Ala. 1983). The state court erred in denying the motion for summary judgment submitted by defendants Norfolk Southern Corporation and Norfolk Southern Railway Company.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 19, 1993 —
RECONSIDERATION DENIED SEPTEMBER 16, 1993

*Neely & Player, Edgar A. Neely, Jr., William C. Thompson, Laura A. Shaw*, for appellants.

*Agnew, Schlam & Bennett, Paul R. Bennett, Leroy Langston*, for appellee.