**Eddie Lee JOHNSON, III Plaintiff**

v.

**CITIMORTGAGE, INC. Defendant**

No. CIV.A.1:04–CV–856–OD.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 28, 2004.

Lisa Dionne Wright, Law Office of Lisa D. Wright, Atlanta, GA, for Plaintiff.

William Coppedge Collins, Jr., John O'Shea Sullivan, Ashby Leigh Kent, Burr & Forman, Kenneth Lee Millwood, Nelson Mullins Riley & Scarborough, Atlanta, GA, for Defendant.

### ORDER

EVANS, District Judge.

This civil Action filed pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.,* and other state law claims is currently before the Court on Defendant's Motion to Dismiss; Plaintiff's Motion for a Scheduling and Settlement Conference; and Defendant's Motion to Dismiss Amended Complaint. For reasons set forth below, Defendant's Motion to Dismiss [# 4] is DISMISSED as moot; Plaintiff's Motion for a Scheduling and Settlement Conference [# 21] is GRANTED in part and DENIED in part; and Defendant's Motion to Dismiss Amended Complaint

[# 23] is GRANTED in part and DENIED in part.

## I. *Procedural Background*

Plaintiff, Eddie Lee Johnson, III ("Plaintiff") filed his original Complaint on March 29, 2004. Defendant CitiMortgage filed a Motion to Dismiss [# 4] on April 19, 2004, and Plaintiff filed an Opposition to CitiMortgage's Motion to Dismiss on May 5, 2004.

On May 13, 2004, Plaintiff filed a Motion for Leave to File Plaintiff's Amended Complaint. This Court granted Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint on June 4, 2004. Accordingly, and as requested by Defendant,[1] Defendant's Motion to Dismiss [# 4] is DISMISSED as moot. Plaintiff's Amended Complaint was filed with this Court on June 4, 2004. On July 7, 2004, CitiMortgage filed it Motion to Dismiss Amended Complaint [# 23], moving this Court to dismiss Counts Two, Three, Four, Seven, Eight, and Ten on the grounds that those counts failed to state a claim upon which relief can be granted. Defendant also moves this Court to dismiss Count Six for breach of contract or, in the alternative, require Plaintiff to provide CitiMortgage with a more definitive statement of the claim.

## II. *Summary of Allegations in Plaintiff's Amended Complaint*

On or about March 21, 2003, Plaintiff closed on a residential real estate loan (the "Loan") for the purpose of financing Plaintiff's purchase of a home in Atlanta, Georgia. (Am.Compl., ¶¶ 5, 7). The lender under the original note was Pine State Mortgage Corporation. (Am.Compl., ¶ 6). After the Loan closed, Pine State transferred the Loan and its servicing to Defendant CitiMortgage. (Am.Compl., ¶ 8). Plaintiff alleges that CitiMortgage failed to properly apply and/or account for payments Plaintiff made on his Loan, despite notice by Plaintiff to CitiMortgage of the incorrect accounting. (Am.Compl., ¶ 12–31). Furthermore, Plaintiff contends that CitiMortgage incorrectly reported to credit reporting agencies that Plaintiff's Loan was overdue and delinquent even after Plaintiff notified CitiMortgage of the alleged inaccurate accounting. (Am.Compl., ¶ 29).

Based on the foregoing allegations, Plaintiff asserts ten separate counts: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* (Am. Compl., ¶¶ 35–39); (2) conversion (Am.Compl., ¶ 40); (3) defamation (Am.Compl., ¶ 41); (4) negligence (Am.Compl., ¶ 42); (5) violation of the Georgia Residential Mortgage Act (Am. Compl., ¶ 43–44); (6) breach of contract (Am.Compl., ¶ 45); (7) breach of the covenant of good faith and fair dealing (Am. Compl., ¶ 46); (8) stubborn litigiousness (Am.Compl., ¶ 47); (9) punitive damages (Am.Compl., ¶ 48); and (10) intentional infliction of emotional distress (Am.Compl., ¶ 49).

## III. *Standard of Review*

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), the court considers all well-pleaded facts in the complaint as true and draws all reasonable inferences in the light most favorable to Plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n. 1 (11th Cir.1999). A complaint may not be dismissed under Federal Rules of Civil Procedure 12(b)(6) " 'unless it appears beyond doubt that the plaintiff can prove no

---

1. *See* Defendant's Consent to Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint [# 14].

set of facts in support of his claim which would entitle him to relief.'" *Rosen v. TRW, Inc.,* 979 F.2d 191, 194 (11th Cir. 1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Accordingly, this Court treats the assertions made in Plaintiff's complaint as true.

## IV. Discussion

### A. Count Two: Conversion

■ Plaintiff's basis for his conversion claim is Citimortgages's failure to apply his October 31, 2003 loan payment in the amount of $1,749.40. As the Court of Appeals of Georgia recently stated:

[C]onversion involves an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to [her] rights. The very essence of conversion is that the act of dominion is wrongfully asserted. Thus, if a party has a right to assert ownership, the act of dominion is not wrongful and does not constitute conversion.

*Kilburn v. Patrick,* 241 Ga.App. 214, 525 S.E.2d 108 (1999) (punctuation and footnotes omitted). "To make out a prima facie case, in an action for damages for conversion of personal property, the plaintiff must show title to the property, possession by the defendant, demand for possession, and refusal to surrender the property, or an actual conversion prior to the filing of the suit." *Atlantic Coast Line R. Co. v. McRee,* 12 Ga.App. 137, 76 S.E. 1057 (1913). Any distinct act of dominion and control wrongfully asserted over another's personal property, in denial of his right or inconsistent with his right, is a conversion of such property. *Lovinger v. Hix Green Buick Co.,* 110 Ga.App. 698, 140 S.E.2d 83 (1964). When someone comes into lawful possession of personal property, however, in the absence of a demand for its return and a refusal to return the personal property, there is no conversion. *McDaniel v. White,* 140 Ga. App. 118, 230 S.E.2d 500 (1976).

■ Applying the above principles to the facts alleged in the Amended Complaint, the Court finds that Plaintiff states a claim for the tort of conversion. The Court must assume as true Plaintiff's allegation that Citimortgage failed to apply the funds to his account. Am. Compl., ¶ 27 ("The Plaintiff's October 31, 2003 payment in the amount of $1,749.90 was received by Citimortgage but never posted to the Plaintiff's mortgage account"). Such an action amounts to an act of dominion by Defendant that is wrongfully asserted, even though Defendant came into lawful possession of Plaintiff's personal property. According to the Amended Complaint, when Plaintiff demanded that the funds be located and/or applied to his account, Defendant only partially complied with this request. While the funds were applied to the September 2003 installment of $871.70 with the balance of $862.70 placed in "unapplied funds," (Am.Compl., ¶ 24), Citimortgage repeatedly refused Plaintiff's requests to apply the funds held in "unapplied funds" to his mortgage (Am.Compl., ¶ 28). Based on the foregoing allegations, the Court is unable to conclude that Plaintiff can prove no set of facts in support of his claim for conversion. Accordingly, Defendant's Motion to Dismiss Count Two of Plaintiff's Amended Complaint is DENIED.

### B. Count Three: Defamation

In Count Three, Plaintiff alleges that "Citimortgage's reporting to the credit reporting agencies that Mr. Johnson was delinquent and overdue in his payment for May 2003, October 2003 and November 2003 constituted the tort of defamation." Am. Compl., ¶ 41.

Defendant argues that Plaintiff fails to state a claim for defamation because the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* preempts the state law claim. First Citimortgage contends that 15 U.S.C. § 1681t(b)(1)(F), passed in a 1996 amendment to the FCRA, preempts all state law causes of action against furnishers of credit information. Additionally, according to Citimortgage, 15 U.S.C. § 1681h(e) preempts state law claims of defamation "except as to false information furnished with malice or willful intent to injure such consumer," and Plaintiff's allegations do not meet this heightened standard.

Prior to the 1996 amendments, the availability of state law actions against furnishers of credit information was governed by 15 U.S.C. § 1681h(e), which provides, in relevant part, as follows:

> Except as provided in section 1681n and 1681o of this title, *no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence* with respect to the reporting of information *against* ... *any person who furnishes information to a consumer reporting agency,* based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer.*

(Emphasis added). As part of the 1996 amendments, Congress added § 1681t, which provides in pertinent part as follows:

> (b) General Exceptions. No requirement or prohibition may be imposed under the laws of any State—

> (1) with respect to any subject matter regulated under—

> \* \* \* \* \* \*

> (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply—

>> (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws ...; or

>> (ii) with respect to section 1785.25(a) of the California Civil Code .....

15 U.S.C. § 1681t. This newer language provides limits on state law liability that are both broader and more narrow than the older § 1681h(e) language. The newer § 1681t(b)(1)(F) is broader than the older § 1681h(e) in that it preempts all state law claims that may arise from a person's furnishing of credit information to a consumer reporting agency, whereas the § 1681h(e) only preempts state law claims "in the nature of defamation, invasion of privacy, or negligence" to the extent that such claims do not result from willful or malicious conduct. But the newer § 1681t(b)(1)(F) is also more narrow that the older § 1681h(e) in that the preemptions of the newer § 1681t(b)(1)(F) are not triggered until after a furnisher of information is notified by a consumer reporting agency of a consumer's dispute (as required by 1681s–2(b)(1)), whereas the older § 1681h(e) preemptions are available at all times.

This cumbersome overlap has resulted in disagreement among courts about how best to harmonize the two applications. *Riley v. GMAC,* 226 F.Supp.2d 1316, 1324 (S.D.Ala.2002); *Jeffery v. Trans Union, LLC,* 273 F.Supp.2d 725, 726–28 (E.D.Va. 2003); *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 784 (W.D.Ky.2003); *Carlson v. Trans Union LLC,* 259 F.Supp.2d 517, 521 (N.D.Tex.2003); *Vazquez–Garcia v. Trans Union De Puerto Rico,* 222 F.Supp.2d 150, 161 (D.P.R. 2002); *Hasvold v. First USA Bank, N.A.,*

194 F.Supp.2d 1228, 1231 (D.Wyo.2002); *Dornhecker v. Ameritech Corp.,* 99 F.Supp.2d 918, 930–31 (N.D.Ill.2000). This Court has been unable to find any circuit court opinion addressing the issue,[2] and the parties in this case have pointed to none. Therefore, before deciding which, if either, preemption statute governs this case, the Court finds it prudent to first discuss the three ways in which other district court have address this question.

First, some district courts have concluded, as Defendant urges this Court to conclude, that there is complete preemption of all state law claims. In other words, these courts hold that the newer language of § 1681t(b)(1)(F) supercedes the older language of § 1681h(e) altogether, and thus, all state law causes of action relating to the duties of persons who furnish information to consumer credit reporting agencies are preempted. *Hasvold v. First U.S.A. Bank, N.A.,* 194 F.Supp.2d 1228, 1239 (D.Wyo.2002); *Jaramillo v. Experian Info. Solutions, Inc.,* 155 F.Supp.2d 356, 361–62 (E.D.Pa.2001). In this Court's opinion, however, nothing in the 1996 amendment compels such a conclusion, and to imply Congress's intent to repeal a previously existing provision in the statute without a clear statement in the amendment to that effect is an unwieldy act of legislation that this court ought not and will not undertake. *See TRW Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) ("[I]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superflu-

ous, void, or insignificant")(internal quotation marks omitted).

Second, other courts have reconciled these two statutes by reading the newer § 1681t(b)(1)(F) as applying only once a furnisher of information has received notice of a dispute from a credit reporting agency. Under this approach, 15 U.S.C. § 1681h(e) applies only up until the time a furnisher of information receives such notice. *Woltersdorf v. Pentagon Federal Credit Union,* 320 F.Supp.2d 1222 (S.D.Ala.2004); *Stafford,* 262 F.Supp.2d at 785; *Vazquez–Garcia,* 222 F.Supp.2d at 161. Therefore, there are two distinct time frames relevant to this preemption analysis: (1) before the furnisher of information is notified of a dispute by the consumer reporting agency; and (2) after notification. In the first time period, according to these courts, § 1681h(e) applies and a plaintiff may bring any claims for defamation or negligence so long as the furnisher had "malice or willful intent to injure." In the second time period, after the furnisher has been notified of a complaint by the consumer reporting agency, § 1681t(b)(1)(F) serves as a total bar to state law claims. While such a reading has the benefit of giving effect to both sections, the Northern District of Georgia, in a recent unpublished opinion by Judge Julie E. Carnes, has rejected this approach:

> [T]he court finds the practical effect [of this approach] troubling. The newer statute, [§ 1681t(b)(1)(F) ], provides furnishers of information with much greater protection (potentially no lawsuits)

---

**2.** The Fifth Circuit has only spoken indirectly to the question of the relationship of state law claims to the protections provided furnishers of credit information under the FCRA. *See Young v. Equifax Credit Info. Services,* 294 F.3d 631, 638–640 (5th Cir.2002) (giving effect to the qualified protections of the older § 1681h(e) while recognizing the notice re-

quired to trigger the duties of § 1681s–2(b)). A recent Fourth Circuit case, *Beattie v. NationsCredit Fin. Servs. Corp.,* 69 Fed.Appx. 585, 2003 WL 21480586 (4th Cir.2003), applied South Carolina law to determine the issue of "malice or willful intent" pursuant to § 1681h(e)'s language without any discussion of two preemption provisions.

than does the older statute, § 1681h(e) (allowing defamation actions premised on malice or willfulness). To read the two statutes in [this way] has the effect of giving a furnisher of information more protection from exposure to liability for acts committed after receiving notice of dispute than for acts committed before such notice. It seems odd to this Court that Congress intended to protect furnishers of information more once they have knowledge that a consumer is disputing an item on his credit report; one would, logically, expect the opposite policy. This Court, therefore, declines to adopt such a reading.

*Neal v. Equifax Information Services, Inc.*, No. 1:03–CV–0761–JEC (Order dated Mar. 11, 2004)(Carnes, J.). This Court agrees with the reasoning of Judge Carnes and finds that this temporal analysis is strained at best.

Third, some district courts have read § 1681t(b)(1)(F) as applying only to those causes of actions created by statute and § 1681h(e) as applying to state causes of action created by common law. *In Carlson v. Trans Union, LLC*, 259 F.Supp.2d 517 (N.D.Tex.2003), the court held that § 1681h(e) applies only to torts, while § 1681t(b)(1)(F) applies only to state statutory regulation. The court stated:

> *Section 1681h(e)* clearly applies to torts. The section specifically references "any action or proceeding in the nature of defamation, invasion of privacy, or negligence." *15 U.S.C. § 1681h(e)*. All claims in the (non-exclusive) list are torts. *Section 1681t(b)(1)(F)* gives every indication of dealing only with state statutory regulation. This is made yet more clear when you consider the two laws that are specifically excluded from *Section 1681t(b)(1)(F)*'s coverage. Section 54A(a) of Chapter 93 of the Massachusetts Annotated Laws requires furnishers to follow "reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete" and forbids furnishers to knowingly provide false information to a consumer reporting agency. Likewise, *section 1785.25(a) of the California Civil Code* also deals with inaccurate or incomplete information in a credit report and closely follows the requirements of § 1681s–2.

*Carlson*, 259 F.Supp.2d at 521 (emphasis in original).

The court in *Carlson* further observed that by its own terms § 1681t(b)(1)(F) only applies to state laws "with respect to any subject matter regulated under section 1681s–2." 15 U.S.C. § 1681t(b)(1)(F). Were the state law claims brought by Plaintiff in this case claims under Georgia state consumer protection laws, the Court would obviously conclude that such claims were preempted because the subject matter of the two statutes would be the same. However, Count Two of Plaintiff's claim against Citimortgage in this case is not statutory, but rather is the common law claim for defamation. It is clear that the substance of a claim under § 1681s–2 and a claim for defamation are significantly different.

■■■ Moreover, there is the matter of the more specific preemption provision, § 1681h(e). Section 1681t(b) is a general preemption provision, "both by its terms and its given moniker," which is "General exceptions." *Gordon v. Greenpoint Credit*, 266 F.Supp.2d 1007, 1013 (S.D.Iowa 2003). In contrast, § 1681h(e) contains a more specific preemption clause which specifically addresses the preemption of state law defamation claims. Under the principles of statutory construction, "a general statute must yield when there is a specific statute involving the same subject matter." *Id.* (citing *Craighead Elec. Coop. Corp. v. City Water & Light Plant*, 278 F.3d 859, 861 (8th Cir.2002)). *See also San Pedro v.*

*United States*, 79 F.3d 1065, 1069 (11th Cir.1996) (following "the principle, upheld by the Supreme Court on numerous occasions, that a specific statute takes precedence over a more general one"). Therefore, the more specific preemption statute, § 1681h(e), controls the question of preemption.

■ The Court finds the reasoning of the *Carlson* and *Gordon* opinions, both of which focus on statutory construction, to be persuasive. Such a reading gives effect to both § 1681t(b)(1)(F) and § 1681h(e) without having the illogical effect of protecting a furnisher of information more after is has received notice of a dispute than before it has received such notice. The Court, therefore, adopts this approach for reconciling the two statutes and holds that § 1681t(b)(1)(F) applies to state statutory law claims and 15 U.S.C. § 1681h(e) applies to state common law claims. The Court further notes that this is also the interpretation adopted by Judge Carnes in *Neal v. Equifax Information Services, Inc.*, No. 1:03–CV–0761–JEC (Order dated Mar. 11, 2004).

■ The Court must now determine whether Plaintiff's defamation claim is preempted by § 1681h(e). Pursuant to § 1681h(e), Plaintiff may only bring the common law actions alleged here by sufficiently pleading that Citimortgage furnished false information to a consumer reporting agency with malice or willful intent to injure. On this motion to dismiss, the Court's role is to determine whether Plaintiff has sufficiently alleged malice or willful intent on the part of Citimortgage. Section 1681h(e) does not define malice. In the defamation context, however, courts have indicated that a statement is made with malice when made "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *see*

*also Schafer v. Time, Inc.*, 142 F.3d 1361, 1366 (11th Cir.1998). Additionally, malice need not be pleaded with particularity; rather, malice "may be averred generally." Fed.R.Civ.P. 9(b); *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1308 (11th Cir.2002). Accordingly, the Court must determine whether Plaintiff has generally alleged that Citimortgage's reporting of the inaccurate credit information was made with knowledge that the information was false and with reckless disregard of its truth. Plaintiff has alleged that Citimortgage knew the statements about Plaintiff's account were false because Plaintiff had made payments and notified Citimortgage of the inaccurate accounting. According to ¶ 29 of the Amended Complaint, Citimortgage reported to credit reporting agencies that Plaintiff's account was delinquent even after the date of receipt of Plaintiff's written dispute regarding his account. Furthermore, in ¶ 32, Plaintiff alleges that "Citimortgage acted willfully, with reckless disregard for the Plaintiff's rights and interests and/or with gross negligence." These allegations, therefore, are sufficient to survive Citimortgage's motion to dismiss.

Additionally, by the plain language of § 1681h(e), the heightened standard of malice or willfulness is only applicable to actions based on disclosures pursuant to 15 U.S.C. §§ 1681g, 1681h, or 1681m, or "by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." 15 U.S.C. § 1681h(e). Indeed, "[i]t is clear that the qualified immunity provided for by the FCRA is meant by Congress to be the 'quid pro quo for full disclosure.'" *Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir.1980) (quoting *Retail Credit Co. v. Dade County*, 393 F.Supp. 577, 584 (S.D.Fla.1975)). Since the various parts of the federal statute require consumer reporting agencies

and information users to disclose information to consumers under certain circumstances, this section guarantees that the agencies or users cannot be sued for those required disclosures under state tort law. It makes sense that acts required by the FCRA are immunized from state tort liability. *McAnly v. Middleton and Reutlinger, P.S.C.*, 77 F.Supp.2d 810, 814 (W.D.Ky.1999). *See also* 16 C.F.R.App. to Pt. 600—Commentary on the Fair Credit Reporting Act, § 610—Conditions of Disclosure, P 6 ("The privilege extended by [§ 1681h(e)] does not apply to an action brought by a consumer if the action is based on information not disclosed pursuant to sections [1681g, 1681h, or 1681m]").

Plaintiff's defamation claim is not "based on information disclosed pursuant to §§ 1681g, 1681h, or 1681m." No one disputes that §§ 1681g and 1681h apply only to consumer reporting agencies, and Plaintiff makes no allegation that Defendant is such an entity. Section 1681m applies to information users, but it imposes no duty to disclose absent "adverse action" by the user against the consumer. Neither was Defendant's allegedly defamatory statement "by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." Plaintiff has made no allegation that Defendant took adverse action against him based on his consumer report. Therefore, the necessity of malice or willful intent is obviated. Accordingly, § 1681h(e) does not preclude Plaintiff's defamation claim.

Finally, Defendant argues that Plaintiff's defamation claim fails to state a claim because Plaintiff failed to plead special damages. O.C.G.A. § 51–5–4 defines slander, which is oral defamation, and proof of special damages is required unless the utterance of the disparaging words (1) imputes to another a crime punishable by law; (2) charges a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; or (3) makes charges against another in reference to his trade, office, or profession, calculated to injure him therein. Plaintiff does not argue that Citimortgage's allegedly defamatory statements fall under one of the three categories that do not require proof of damages.

O.C.G.A. § 51–5–1(a), on the other hand, defines libel as "a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." Additionally, the definition of slander in Georgia has been incorporated into the definition of libel, *Hayes v. Irwin*, 541 F.Supp. 397, 431 n. 34 (N.D.Ga.1982), aff'd, 729 F.2d 1466 (11th Cir.1984).

Under Georgia law, no proof of special damages is necessary in the case of libel per se. General damages are recoverable. *Weatherholt v. Howard*, 143 Ga. 41, 84 S.E. 119 (1915). However, where the defamatory words do not constitute libel per se, special damages, such as loss of employment, income, or profits, must be pleaded. *Hood v. Dun & Bradstreet, Inc.*, 486 F.2d 25 (5th Cir.1973), *cert. denied*, 415 U.S. 985, 94 S.Ct. 1580, 39 L.Ed.2d 882 (1974). Libel per se is a publication charging that one is guilty of a crime, dishonesty or immorality. *Rosanova v. Playboy Enterprises, Inc.*, 411 F.Supp. 440, 445 (S.D.Ga.1976), aff'd, 580 F.2d 859 (5th Cir. 1978). To be actionable, the statement must be both false and malicious. *Mathews v. Atlanta Newspapers, Inc.*, 116 Ga. App. 337, 340, 157 S.E.2d 300 (1967). Malice is inferred from the nature of the defamation. *Rosanova*, 411 F.Supp. at 445.

In *Hood*, 486 F.2d at 27–28, the Fifth Circuit considered a credit report prepared by a defendant, who was a credit

reporting agency. The report inaccurately stated that the plaintiff was being sued for a debt and that the plaintiff's working capital was limited. The Court of Appeals agreed with the district court that the report was not libelous per se because the statements, although false, did not "impute to another conduct, characteristics or a condition incompatible with proper exercise of lawful business or trade." *Id.* at 28.

In the present case, the Plaintiff argues that Defendant Citimortgage committed libel per se as defined by the Georgia Supreme Court in *Conway v. Signal Oil & Gas Co.,* 229 Ga. 849, 851, 194 S.E.2d 909 (1972). In *Conway,* 229 Ga. 849, 850–51, 194 S.E.2d 909, the defendant had issued the plaintiff's husband a credit card. Even though the plaintiff had never used the card, the defendant had attempted to collect the debt by calling the plaintiff's employer. The Georgia Supreme Court held that because under Georgia law a wife was not liable for any credit extended unless she has accepted the goods with the knowledge that she may be liable, the defendant could not "reasonably infer that the plaintiff had assumed the account …" *Id.* at 851, 194 S.E.2d 909. The court thus held that the letter to the employer was libelous per se.

In *Smith v. First National Bank of Atlanta,* 837 F.2d 1575 (11th Cir.1988) (applying Georgia law), however, the court observed that defendant bank could reasonably infer that Selma Woody was liable for defendant Woody's debts since the application for a joint account was allegedly signed by her. Therefore, under these circumstance, malice could not be inferred from the nature of the defamation.

██ As previously discussed above, malice may be inferred from the nature of Plaintiff's allegations. According to Plaintiff's Amended Complaint, Defendant made false statements to credit reporting agencies that his account was delinquent.

Furthermore, Defendant could not reasonably infer that the account was delinquent since Plaintiff on more than one occasion disputed the accuracy of Defendant's accounting. Based on these allegations, it is not beyond doubt that Plaintiff can prove malice in support of his claim for defamation.

Finding that Plaintiff's defamation claim is not preempted by § 1681t(b)(1)(F) or § 1681h(e), and that Plaintiff need not plead special damages because his allegations aver libel per se, Defendant's Motion to Dismiss Count Two, therefore, is DENIED.

### C. *Count Four: Negligence*

In Count Four, Plaintiff alleges that "Citimortgage negligently serviced the subject loan, in breach of its duty to the Plaintiff to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records in a nonnegligent manner." Am. Compl., ¶ 42. Defendant offers two reasons why this Court should dismiss Plaintiff's negligence claim: (a) Georgia law does not recognize a claim for negligent breach of contract; and (b) Plaintiff's negligence claim is preempted by the FCRA.

Looking solely to the pleadings, the Court is unable to conclude that the allegations set forth in Count Four would amount to a breach of contract between Plaintiff and Defendant. That is, this Court is unable to determine the extent, if any, Plaintiff is alleging that Citimortgage negligently performed and/or negligently breached its contractual duties governing the management of Plaintiff's account. Because Plaintiff can prove a set of facts to support his negligence claim that would not support his breach of contract claim, Defendant's first argument fails.

To the extent Plaintiff is, in fact, alleging Citimortgage negligently performed and/or negligently breached its contractual duties, Plaintiff's negligence claim still survives a motion to dismiss. Generally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort or authorize the aggrieved party to elect whether he will proceed in contract or in tort. *Mauldin v. Sheffer*, 113 Ga.App. 874, 877, 150 S.E.2d 150 (1966). Accordingly, under Georgia law, if there is no liability except that arising out of a breach of the express terms of the contract, the action must be in contract, and an action in tort cannot be maintained. *Id.* at 878, 150 S.E.2d 150. It is well-settled, however, that misfeasance in the performance of a contractual duty may give rise to a tort action. *Tate v. Aetna Cas. & Surety Co.*, 149 Ga.App. 123, 124–125, 253 S.E.2d 775 (1979). The rule which may be fairly deduced from Georgia case law is that "in order to maintain an action ex delicto [in tort] because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself." *Mauldin*, 113 Ga.App. at 879–880, 150 S.E.2d 150. Indeed, Georgia law recognizes the "sound legal basis" for the claim that "a single act or course of conduct may constitute not only a breach of contract but an independent tort as well." *Orkin Exterminating Co. v. Stevens*, 130 Ga.App. 363, 365, 203 S.E.2d 587 (1973). A contractual violation, however, is a tort only "if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of a contract to avoid harming him." *Travelers Ins. Co. v. King*, 160 Ga.App. 473, 475, 287 S.E.2d 381 (1981).

Because Plaintiff may later prove facts showing that Defendant's duties arose independent of any contract between Plaintiff and Defendant, Plaintiff states a claim for negligence, even if the same conduct would constitute a breach of contract. Indeed, the law imposes upon persons of professional standing performing medical, architectural, engineering, and those performing other and like skilled services, pursuant to their contracts made with their clients, an obligation to exercise a reasonable degree of care, skill and ability, such as is ordinarily exercised under similar conditions and like circumstances by persons employed in the same or similar professions. *See, e.g., Block v. Happ*, 144 Ga. 145, 146, 86 S.E. 316 (1915) (undertaking of architect implies he will exercise his skill and ability reasonably and without neglect). This is a duty apart from any express contractual obligation. Therefore, persons of this class performing services pursuant to their contracts with their clients have been held liable in tort for their negligence in failing to exercise the required degree of skill, and thus to be liable to a suit in tort under the doctrine applicable to misfeasance or the negligent performance of the contract. *Mauldin*, 113 Ga.App. at 880, 150 S.E.2d 150 (citing Georgia and other cases).

To state it otherwise, Defendant undertook the performance of servicing Plaintiff's mortgage loan, which, if negligently performed, would obviously cause loss to the Plaintiff. The Court finds, therefore, that negligence is a cognizable claim under the facts alleged.

The Court must now determine whether Plaintiff's negligence claim is preempted by the FCRA. As discussed above, Plaintiff's negligence claim must be analyzed not under § 1681t(b)(1)(F) but under § 1681h(e), which requires "malice or willful intent to injure." However, where there is a requirement of "malice or willful intent to injure" there is no cause of action for negligence. Because negligence

claims, by definition, are not premised upon Defendant's malice or willful intent to injure, negligence claims are preempted by § 1681h(e).

■ Section 1681h(e), however, only preempts state common law causes of action based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or "based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action." As discussed above, Plaintiff has made no allegation that Defendant's disclosures were made pursuant to the requirements of the FCRA. As such the necessity of malice or willful intent is obviated. Furthermore, Plaintiff's negligence claim is premised not just on Citimortgage's negligent disclosure of information but also the negligent maintenance, accounting, and servicing of his loan account. This Court, therefore, rejects Defendant's argument that Plaintiff's negligence claim is preempted by § 1681h(e).

Therefore, Defendant's Motion to Dismiss Count Four of Plaintiff's Amended Complaint is DENIED.

### D. *Count Six: Breach of Contract*

In Count Six of the Amended Complaint, Plaintiff alleges that "[t]he actions of Citimortgage, in mismanaging Mr. Johnson's mortgage account, in failing to respond appropriately to his inquiries, and in reporting alleged mortgage arrearages to credit reporting agencies, constitute a breach of contract." Defendant complains that this allegation is so vague and ambiguous that Citimortgage cannot reasonably or adequately respond. Specifically, Plaintiff has not identified what provision(s) of which contract(s) Citimortgage allegedly breached, much less how the provision(s) was breached.

The Federal Rules of Civil Procedure only require a short and plain statement of the claim showing that the pleader is enti-

tled to relief. Fed.R.Civ.P. 8(a). The pleading must nevertheless provide notice of the circumstances which give rise to the claim and a complaint which contains a bare bones allegations that a wrong occurred and which does not plead any of the facts giving rise to the injury does not provide adequate notice. *Williams v. Lear Operations Corp.*, 73 F.Supp.2d 1377, 1381 (N.D.Ga.1999).

Defendant has moved this Court under Fed.R.Civ.P. 12(e) for a more definite statement of this claim. Noting Plaintiff's consent to provide such a statement, Defendant's motion is GRANTED.

### E. *Count Seven: Breach of the Covenant of Good Faith and Fair Dealing*

Defendant argues that Plaintiff's claim for breach of the covenant of good faith and fair dealing must be dismissed because such a claim cannot be stated as an independent cause of action. The Court disagrees.

In *Stuart Enterprises International, Inc. v. Peykan,* Inc. 252 Ga.App. 231, 555 S.E.2d 881 (2001), the Court of Appeals of Georgia found that the plaintiff's claim of breach of the covenant of good faith and fair dealing was not an independent cause of action which could be asserted separately from the claim for breach of contract. Because the jury had found for the defendant on plaintiff's breach of contract claim, the Court of Appeals of Georgia found that there could be no breach of the covenant of good faith and fair dealing. The Eleventh Circuit Court of Appeals, in interpreting Georgia law, explained the concept succinctly: "The 'covenant' [to perform in good faith] is not an independent contract term. It is a doctrine that modifies the meaning of all explicit terms de facto when performance is maintained de jure." *Alan's of Atlanta, Inc. v. Minolta Corp.,*

903 F.2d 1414, 1429 (11th Cir.1990) (citation omitted).

Plaintiff in this case is not asserting the breach of covenant to perform in good faith separate from a breach of contract claim. In Count Six, Plaintiff alleges that by mismanaging Plaintiff's account, failing to respond to his inquiries, and inaccurately reporting mortgage arrearages to credit reporting agencies, Defendant Citimortgage breached its contract with Defendant. This case, therefore, is distinguishable from *Stuart*, where the plaintiff failed to prove breach of contract, and *Minolta*, where the plaintiff failed to even plead breach of contract. Taking Plaintiff's allegations as true, i.e., Defendant breached its contract with Plaintiff, Plaintiff states a claim for breach of the covenant to perform in good faith. Therefore, Defendant's Motion to Dismiss Count Seven is DENIED.

#### F. *Count Eight: Stubborn Litigiousness*

In Count Eight of the Amended Complaint, Plaintiff alleged that Defendant "has acted in bad faith, been stubbornly litigious, and caused Mr. Johnson unnecessary trouble and expense," entitling Plaintiff to expenses of litigation including attorney's fees under O.C.G.A. § 13–6–11. Am. Compl., ¶ 47.

Defendant argues that Plaintiff fails to state a claim for stubborn litigiousness because a bona fide controversy exists between the parties and Plaintiff has failed to show that Citimortgage has acted in bad faith. Indeed, "stubborn litigiousness" refers to situations where "a defendant forces suit where no 'bona fide controversy' exists." *Ostrom v. Kapetanakos*, 185 Ga.App. 728, 730, 365 S.E.2d 849 (1988). "Bad faith," in turn, is not simply bad judgment or negligence, but it imports "a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and

means breach of known duty through some motive of interest or ill will." *Rapid Group, Inc. v. Yellow Cab of Columbus*, 253 Ga.App. 43, 49, 557 S.E.2d 420 (2001).

In passing on a motion to dismiss for failure to state a claim, this Court assumes Plaintiff's allegations are true. Because Plaintiff alleges that Defendant acted in bad faith and has been stubbornly litigious, Plaintiff states a claim under O.C.G.A. § 13–6–11. Whether Plaintiff can prove facts to support such allegations is not for the Court to consider at this stage of the litigation. Therefore, Defendant's Motion to Dismiss Count Eight is DENIED.

#### G. *Count Ten: Intentional Infliction of Emotional Distress*

In Count Ten of the Amended Complaint, Plaintiff alleges "Defendant's actions, individually and collectively, were extreme and outrageous; they intentionally and/or recklessly caused the Plaintiff to suffer severe emotional distress." Am. Compl., ¶ 49

In order to recover for intentional infliction of emotional distress under Georgia law, a plaintiff must prove (1) that the defendant engaged in intentional or reckless conduct; (2) that the conduct was extreme or outrageous; (3) that there is a causal connection between the wrongful conduct and plaintiff's emotional distress; and (4) that plaintiff's emotional distress is severe. *Yarbray v. Southern Bell Telephones & Telegraph Co.*, 261 Ga. 703, 409 S.E.2d 835 (1991). Whether a claim rises to the requisite level of outrageousness and egregiousness is a question of law to be determined by the Court. *Id.*

Liability for intentional infliction of emotional distress has only been imposed "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atro-

cious, and utterly intolerable in a civilized community." *Norfolk So. Ry. Co. v. Spence*, 210 Ga.App. 284, 435 S.E.2d 680 (1993). Here, Plaintiff alleges that Defendant intentionally or recklessly caused Plaintiff to suffer severe emotional distress by engaging in extreme and outrageous conduct. Taking Plaintiff's allegations as true, as the Court must, Plaintiff states a claim for intentional infliction of emotional distress under Georgia law. At this stage in the litigation, this Court is unable to say that Plaintiff cannot prove a set of facts that would support his claim. Defendant's Motion to Dismiss Count Ten, therefore, is DENIED.

### V. Plaintiff's Motion for Scheduling and Settlement Conference

Plaintiff moves this Court for a Scheduling and Settlement Conference. Plaintiff's Motion for a Scheduling Conference is DENIED. Noting that Plaintiff's Motion for Settlement Conference is unopposed, this Motion is GRANTED on condition that Defendant also seeks a settlement conference with this Court.

### VI. Conclusion

Defendant's Motion to Dismiss [# 4] is DISMISSED as moot. Defendant's Motion to Dismiss Amended Complaint [# 23] is GRANTED in part and DENIED in part. Defendant's Motion to Dismiss Counts Two, Three, Four, Six, Seven, Eight, and Ten of Plaintiff's Amended Complaint is DENIED. Defendant's Motion that Plaintiff be required to provide a more definite statement as to Count Six is GRANTED. Plaintiff is DIRECTED to file such a statement within ten (10) days of entry of this Order.

Plaintiff's Motion for Scheduling and Settlement Conference [# 21] is GRANTED in part and DENIED in part. Plaintiff's Motion for Scheduling Conference is DENIED. Plaintiff's Motion for Settlement Conference is GRANTED on condition that Defendant also seeks a settlement conference with this Court. The parties are DIRECTED to advise the Court whether they jointly seek a settlement conference with this Court within twenty (20) days of entry of this Order.

The Court notes that discovery in this matter ended on September 16, 2004. No motion for stay or extension has been filed by either party. The parties, therefore, are hereby DIRECTED to file dispositive motions within twenty (20) days of entry of this Order In the alternative, the parties are DIRECTED to confer and file a proposed pretrial order within thirty (30) days of entry of this Order.