A97A1590. KEY v. NORFOLK SOUTHERN RAILWAY COMPANY.
(491 SE2d 511)

RUFFIN, Judge.

Carl Key, a train engineer for Norfolk Southern Railway Company ("Norfolk"), filed suit under the Federal Employers' Liability Act ("FELA") and the Boiler Inspection Act ("BIA") to recover damages from his employer for injuries he sustained in a July 1992 fall from a locomotive. Key claimed that while descending from the locomotive using its three built-in steps, he missed the middle step and fell. Key and his expert allege the fall was caused by the dangerously defective design of the steps, in that the tread on the middle step was recessed and did not "line up" with the first and third steps. After examining evidence showing the steps complied with federal design regulations issued pursuant to the BIA,[1] the trial court held these regulations preempted Key's common-law allegations of negligence and showed, as a matter of law, that the steps were properly designed. The trial court accordingly granted Norfolk's motion for summary judgment, and Key appeals. For the following reasons, we affirm.

Summary judgment is appropriate when the evidence, construed in the nonmovant's favor, shows no issue of material fact remains and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The evidence in the record shows that Key's only allegation of Norfolk's negligence is the defective design of the steps. He did not contend that any foreign substance on the steps caused his fall, nor did he contend the steps were improperly maintained. Therefore, we must determine if any jury question exists as to whether the steps were defectively designed.

We find that federal railroad safety regulations preempt Key's

[1] 49 CFR § 231.30, discussed infra.

common-law allegations of negligence and show, as a matter of law, that these steps were not "defectively designed." "It is well established that in enacting FELA, [45 USC § 51 et seq.], Congress superseded state law remedies in the subject area covered by FELA and provided the exclusive remedy for employees of common carriers injured by the negligence of their employers. [Cits.]" *Bowers v. Estep*, 204 Ga. App. 615, 616 (1) (420 SE2d 336) (1992). The BIA, 45 USC § 22 et seq.,[2] is considered an amendment to the FELA, supplementing the FELA "to provide additional public protection and facilitate employee recovery. [Cits.]" *King v. Southern Pacific Transp. Co.*, 855 F2d 1485, 1488, n. 1 (10th Cir. 1988). The BIA "prohibits railroads from operating any locomotive unless 'the locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put. . . .' 45 U.S.C. § 23."[3] Id. at 1488. The Federal Railroad Administration ("FRA") was delegated the power to issue safety regulations applicable to the BIA. See 45 USC § 23; 49 CFR § 1.49 (c) (5). This delegation of regulatory power to the FRA " 'is a general one. It extends to the design, the construction and the material of every part of the locomotive and tender and of all appurtenances.' *Napier v. Atlantic Coast Line R. Co.*, 272 U. S. 605, 611 (47 SC 207, 71 LE 432) (1926)." *Central of Ga. R. Co. v. Markert*, 200 Ga. App. 851 (2) (410 SE2d 437) (1991) (physical precedent only).

Pursuant to its authority under the BIA, the FRA issued regulation 49 CFR § 231.30. That regulation, accompanied by schematic diagrams, describes in detail the construction and materials requirements for steps on locomotives such as the one from which Key fell. The trial court found the steps on this locomotive complied with this applicable regulation, and Key does not contest that finding on appeal. Because the FRA has stated that these steps are appropriately designed, the testimony of Key's expert to the contrary is immaterial.

Although Key argues that his expert's testimony does not represent an effort to assert a state law or common-law claim of negligence, we find that it represents just such an attempt. Allowing a jury to agree with Key's expert, find the railroad negligently designed the steps, and award damages accordingly would, in effect, result in state or common-law regulation. Such "regulation can be as effectively exerted through an award of damages as through some form of preventive relief. The obligation to pay compensation can be, indeed is designed to be, a potent method of governing conduct and

---

[2] In 1994, Congress recodified the BIA at 49 USC § 20701 et seq.
[3] 45 USC § 23 is now codified at 49 USC § 20701.

controlling policy." (Citation and punctuation omitted.) *Cipollone v. Liggett Group*, 505 U. S. 504, 521 (112 SC 2608, 120 LE2d 407) (1992). As a federal appeals court held in *Law v. Gen. Motors Corp.*, 114 F3d 908, 910-911 (9th Cir. 1997), to allow various state juries to second-guess the actions of an interstate railroad which has complied with federally-mandated design standards would undermine "Congress's goal of uniform, federal railroad regulation[.]"

In support of his argument that the BIA regulations do not preclude a claim of negligent design, Key cites cases which involve or discuss a carrier's failure to *maintain* its locomotive in good repair (*Bolan v. Lehigh Valley R. Co.*, 167 F2d 934, 936 (2nd Cir. 1948)) or a carrier's *failure to employ* safety features which are not required by regulation but are nonetheless "an integral or essential part of a completed locomotive." *Mosco v. Baltimore & Ohio R.*, 817 F2d 1088, 1091 (4th Cir. 1987). This case involves neither factual scenario.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 28, 1997.

*Blackwood, Matthews & Steel, John D. Steel, John B. Briggs*, for appellant.

*Hall, Bloch, Garland & Meyer, F. Kennedy Hall, Mark E. Toth*, for appellee.