COLEMAN, Justice,
dissenting:
¶ 58. I would hold that Brent’s FELA negligence claims are precluded by federal laws and regulations and that the circuit court erred in denying Illinois Central’s motions for summary judgment, directed verdict, and JNOV. Therefore, with respect, I dissent.
¶ 59. The explicit purpose of enacting the Federal Railroad Safety Act of 1970 was “to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents.” 49 U.S.C. § 20101 (2006). Congress intended FRSA to establish national uniformity in the laws and regulations related to railroad safety and security. 49 U.S.C. § 20106(a)(1) (Supp. V 2011). FRSA provides that state laws pertaining to railroad safety and security are preempted by federal regulations “covering the subject matter of the State requirement.” 49 U.S.C. § 20106(a)(2) (Supp. V 2011) (emphasis added). Not only does FRSA preempt state “law[s], regulation[s], or order[s] related to railroad safety or security” where the subject matter is covered, the United States Supreme Court has held that “[l]e-gal duties imposed on railroads by the common law fall within the scope of these broad phrases.” CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 664, 118 S.Ct. 1732,128 L.Ed.2d 387 (1993).
¶ 60. The Fifth Circuit reached the same conclusion, holding that the necessity of promoting “Congress’ intent that railroad safety regulations be nationally uniform,” Lane v. R.A. Sims, Jr., Inc., 241 F.3d 439, 443 (5th Cir.2001), required applying preemption to common law legal duties. The issue in Lane was whether FRSA and an FRA regulation that established maximum train speeds precluded a railroad employee’s FELA negligence claim for excessive speed. Lane, 241 F.3d at 441. After considering similar cases from other jurisdictions, the court held that the employee’s claim was precluded, reasoning:
*784 In the light of Congress’ intent that railroad safety regulations be nationally uniform to the extent practicable, we find Waymire, Thirkill, and Rice far more persuasive than Earwood[10] Such uniformity can be achieved only if the regulations covering train speed are applied similarly to a FELA plaintiffs negligence claim and a non-railroad-employee plaintiffs state law negligence claim. Otherwise, a railroad employee could assert a FELA excessive-speed claim, but a non-employee motorist involved in the same collision would be precluded from doing so. Dissimilar treatment of the claims would have the untenable result of making the railroad safety regulations established under the FRSA virtually meaningless: “The railroad could at one time be in compliance with federal railroad safety standards with respect to certain classes of plaintiffs yet be found negligent under the FELA with respect to other classes of plaintiffs for the very same conduct!.”] Waymire v. Norfolk & W. Ry. Co., 65 F.Supp.2d 951, 955 (S.D.Ind.1999), aff'd, 218 F.3d 778 (7th Cir.2000). Moreover, allowing juries in FELA cases to find negligence based on excessive speed, even though it did not exceed that set by the FRSA regulations, would further undermine uniformity, because it would result in the establishment, through such verdicts, of varying, uncertain speed limits at different crossings, as well as different speed limits at the same crossing, depending on the time of day, traffic conditions, and other variables.
Lane, 241 F.3d at 443-44.
¶ 61. Courts have held that where a FRSA regulation “covers” or “substantially subsumes” the subject matter of the suit, and the railroad complied with the regulation, FELA negligence claims on that issue are precluded. See, e.g., Nickels v. Grand Trunk W. R.R., Inc., 560 F.3d 426, 429 (6th Cir.2009) (FRSA regulation covered issue of ballast size, so railroad employees’ FELA claims were precluded; summary judgment in favor of railroad was proper); Lane v. R.A. Sims, Jr., Inc., 241 F.3d 439, 443-44 (5th Cir.2001) (where train was traveling below the speed limit set by the FRSA, employee’s FELA negligence claim for excessive speed was precluded); Waymire v. Norfolk & W. Ry. Co., 218 F.3d 773, 775 (7th Cir.2000) (summary judgment in favor of railroad was proper and employee’s FELA negligence action claim alleging unsafe speed and inadequate warning devices were precluded because “the complained of conduct complied] with the conduct mandated by FRSA and its regulations”); Dickerson v. Staten Trucking, Inc., 428 F.Supp.2d 909, 913 (E.D.Ark.2006) (“Mindful of the FRSA’s goal of national uniformity, courts have precluded FELA claims when the railroad’s underlying conduct was in compliance with specific FRSA regulations.”); Herndon v. Nat’l R.R. Passenger Corp., 814 A.2d 934, 935 (D.C.2003) (Amtrak conductor’s FELA negligence claim for excessive speed was preempted by FRSA because the train’s speed was within the maximum authorized by federal regulations); Major v. CSX Transp., 278 F.Supp.2d 597, 610 (D.Md.2003) (plaintiffs defective signal FELA claims were preempted by FRSA; summary judgment was granted); Rice v. Cincinnati New Orleans & Pac. Ry. Co., 955 F.Supp. 739, 740-41 (E.D.Ky.1997) (FELA excessive-speed claim precluded by FRSA where *785 train was traveling within speed limit established by FRSA regulations); Thirkill v. J.B. Hunt Transp., Inc., 950 F.Supp. 1105, 1107 (N.D.Ala.1996) (same); Key v. Norfolk S. Ry., 228 Ga.App. 305, 491 S.E.2d 511, 513 (1997) (FELA claims of defective locomotive design were preempted where locomotive complied with FRA regulations). Therefore, if a federal regulation covers the subject matter of a plaintiffs claim, and the railroad is in compliance with the federal regulation, the claims are preempted.
¶ 62. The FRA regulation requiring window glazing provides that locomotives “built or rebuilt after June 30, 1980, must be equipped with certified glazing in all locomotive cab windows.” 49 C.F.R. § 223.9(a) (2012). In proposing the glazing requirement, FRA intended “to reduce the risk of death or serious injury for railroad crew members and railroad passengers resulting from such persons being struck by flying objects, such as bullets.” 43 Fed.Reg. 47579 (Oct. 16, 1978) (emphasis added). Without question, the window glazing requirement of Section 223.9 “covers the subject matter” of Brent’s negligence claim because the regulation was enacted specifically to prevent the type of harm suffered by Brent. No one disputes that Illinois Central complied with that regulation. The fact that the protection provided by safety glazed windows was negated when the window was open is of no matter.
¶ 63. In Reardon v. Peoria & Pekin Union Ry. Co., 26 F.3d 52 (7th Cir.1994), a locomotive engineer sued his employer after someone shot him with a BB gun through the train window. Id. at 53. Reardon claimed that his employer had not taken proper precautions, such as installing bullet proof glass, to prevent the accident. Id. The court said it did not need to decide whether the railroad “should have installed windows that resist penetration,” because it was undisputed that the locomotive had that equipment as required by 49 C.F.R. Sections 223.9-11. Id. at 54. However, like Brent, Reardon had the windows open. Id. Reardon claimed that he had to open the windows because the cab was not air conditioned and because fumes inside the cab were dangerous. Id. The Seventh Circuit was not persuaded by that argument, finding that having the windows open was a matter of comfort, not safety. That court affirmed the district court’s grant of summary judgment in favor of the railroad, writing:
Even the best safety precautions are of little value if employees defeat them, and this crew left the windows open.... No evidence at all suggests that the train would have been unsafe with the windows closed.... Regrettable though the injury is, this record shows that the railroad provided the means of its prevention. The FELA does not make the railroad an insurer against injuries, and it does not require the railroad to provide precautions that are impossible to defeat.
Reardon, 26 F.3d at 54-55 (internal citations omitted).
¶ 64. Illinois Central complied with the regulation pertaining to window glazing, and the regulation covers the subject matter of Brent’s FELA negligence claims. With respect, the plain wording of the FRA’s intent in adopting the glazed-window regulation, quoted above, directly contradicts the majority’s conclusion in response to my dissent “that the safety glazing regulation was not meant to substantially subsume the issue of projectiles being launched at trains.” Thus, it is my opinion that the circuit court erred in denying Illinois Central’s motions for summary judgment, directed verdict, and *786 JNOV, because Brent’s FELA negligence claims were explicitly precluded by 49 C.F.R. Section 223.9.
WALLER, C.J., DICKINSON, P.J., AND LAMAR, J., JOIN THIS OPINION.

. Waymire v. Norfolk & W. Ry. Co., 218 F.3d 773 (7th Cir.2000); Rice v. Cincinnati, New Orleans & Pac. Ry. Co., 955 F.Supp. 739 (E.D.Ky.1997); Thirkill v. J.B. Hunt Transp., Inc., 950 F.Supp. 1105 (N.D.Ala.1996); Earwood. v. Norfolk S. Ry. Co., 845 F.Supp. 880 (N.D.Ga.1993).